# Alabama City G. & A. Ry. Co. v. Bessiere.

### Injury to Passenger.

(Decided May 11, 1916.　Rehearing denied June 30, 1916.)
72 South. 325.)

1. **Carriers; Passengers; Operation; Care.**—A carrier of passengers is under a positive duty to so operate its trains in approaching a flag station, as reasonable prudence and care would suggest, to avoid the danger of injuring passengers waiting at such station to board its cars.

2. **Same.**—Under the evidence in this case, it was a question for the jury whether the carrier exercised reasonable prudence and care in the operation of its car as it approached the flag station where the injury occurred.

3. **Evidence; Expert; Qualification; Discretion.**—The determination of the qualifications of a person to give expert testimony on a definite subject is a preliminary matter addressed to the sound discretion of the trial court under the evidence bearing on that preliminary inquiry.

4. **Same; Admissibility.**—Where the expert testimony of a witness indicated independent recollection when refreshed by reference to a transcript of his testimony on a former appeal, the admission of such testimony was not erroneous, notwithstanding some of his testimony was calculated to discredit his recollection of the matters about which he testified.

5. **Appeal and Error; Review; Discretion.**—Unless plainly erroneous, the ruling of the trial court admitting expert testimony after a preliminary inquiry into the qualifications of the witness, will not be held error.

6. **Evidence; Expert; Hypothetical Question.**—An hypothetical question on direct examination is objectionable if it contain facts not shown by the evidence, but it is not objectionable for omitting to hypothesize every fact shown in the evidence, including those in support of the opponent's theory of the case.

7. **Same; Frame and Substance.**—The frame and substance of hypothetical questions is a matter largely committed to the discretion of the court.

8. **Carriers; Passengers; Instructions.**—A charge asserting that unless the motorman saw the decedent before the car struck him, the verdict should.

[Alabama City G. & A. Ry. Co. v. Bessiere.]

be for defendant, were properly refused where the action was for death by negligence in running a car at excessive and reckless rate of speed past a flag station; the charge being outside of the issues pleaded.

(Anderson, C. J., and Sayre, J., dissent.)

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by Leonie Bessiere as administratrix, against the Alabama City, Gadsden & Attalla Railway Company, for damages for the death of her intestate. Judgment for plaintiff and defendant appeals. Affirmed.

The facts and the pleadings are sufficiently stated in the opinion in this appeal and the other appeals referred to in the opinion. Assignments of error referred to in the opinion are as follows:

The court erred in overruling appellant's objection to the question to Mr. West: "About how far, in your experience as a motorman, before reaching a stopping place where there is a passenger to get on, a flag station where people are waiting to get on, is it necessary to begin to slacken the speed of the car, where the track is practically level?"

(6) Answer to question: "Three or four hundred feet."

(7) Question to same witness: "Would a car going five miles an hour on comparatively a level track, and a straight track, under proper control, is it necessary to run from 75 to 150 feet past the stopping place, to bring it to a stop?"

(8) Answer of witness: "If there is nothing wrong with the car, no reason why he should run by as I can see." This witness was shown to have been a motorman for several years.

(9) Question to witness Beverly, who testifies that he has operated cars for several months in Mobile, and on the Attalla line: Mr. Beverly: "A motorman in charge of a car on comparatively level spaced track approaching a flag station where a person is waiting to take passage on the car at the station, how far before reaching the stopping place should the current be cut off?"

(10) Answer thereto: "It is owing to the rate of speed he is making. If about five miles an hour, he can stop a car in a car's length."

(11) Question to same witness: "If it takes 100 feet after the current is cut off, and after the brakes are so applied that the car comes to with a jerk, take 100 feet to stop it, in your

judgment and experience as a motorman, how fast was that car going?"

(12)  Answer of witness:  "About 25 miles an hour."

The following charge was refused to defendant.

C.   Unless Duncan, the motorman, saw Mr. Bessiere before the car struck him, if it struck him, the verdict should be for defendant.

HOOD & MURPHREE, for appellant.   E. O. McCORD, and O. B. ROPER, for appellee.

McCLELLAN, J.—Previous appeals of this litigation will be found reported in 179 Ala. 317, 61 South. 82, and in 190 Ala. 59, 66 South. 805.   On the last trial the only issues, tendered by the complaint, submitted to the jury were those raised by the averments of count 12 as amended.   It is correctly reproduced on page 60 of 190 Ala., 66 South. 805, except the words "at a great rate of speed and in darkness" were eliminated by amendment. It is now unnecessary to repeat the statement of the controversy sufficiently shown in the previous reports of the appeals.   It will be sufficient to say at this time that the action is for damages for the death of plaintiff's intestate, amended count 12 attributing his wrongful death to the simple negligence of the motorman of a street car in approaching a flag station, on this occasion, without having his car under proper control.

The chief insistence for error is the refusal to the defendant of special instructions forbidding a recovery by plaintiff.   In the last appeal the conclusion was expressed that the case made by the evidence then recited in the bill of exceptions required the submission of the issues of fact, under the twelfth count, to the jury.   Counsel for appellant have submitted an exhaustive brief and argument in support of their contention for error in the refusal of affirmative instructions, based upon the view that there was no evidence, or reasonable inference from evidence, supporting, even prima facie, material averments of count 12. The evidence bearing on these issues and the earnest argument for appellant have been carefully considered; and no sufficient reason has been made to appear or has been disclosed to alter the conclusion heretofore announced.

(1, 2)  There was evidence tending to show the presence of Henry Bessiere at the flag station for the purpose of taking pas-

sage to Gadsden on the defendant's car. There was evidence tending to show that the means of his death, at the station place, was an inbound car of which Motorman Duncan was the operative. There was evidence tending to show that the car, on the occasion in question, approached the station place at a high speed, not under proper control, a speed indicative of the absence of the care due to be observed in the circumstances, on a dark, foggy night when the headlight on the car did not fully perform its service of giving warning of the car's approach and of lighting the way ahead. The defendant had provided this place (called Brown's Crossing) for the reception and discharge of passengers, the cars to stop upon signal for the reception of passengers. Obviously these circumstances created a positive duty on the carrier to approach this flag station with the car under such control as reasonable prudence and care would suggest to avoid danger of injury to persons at the flag station for the purpose of availing of the service of the carrier. What would be the observance of that degree of prudence and care would, of course, depend upon the circumstances and conditions affecting or relating to the duty assumed by and resting upon the carrier toward those thus invited to be at the flag station. Whether the requisite prudence and care was in this instance, as must be the case in most instances, observed by the carrier's servants operating one of its cars was a question for the jury to determine. So the trial court ruled. Its ruling in this respect was free from error.

(3, 4) While the witness Arthur Jones gave utterance to statements immediately calculated to entirely discredit his recollection of the matters about which he testified, yet there were other assertions by the witness that affirmed the possession by him of independent recollection of the matters about which he testified when his recollection had been refreshed by reference to the stenographic report of his testimony on a former trial that took place earlier after the event in question. It cannot be held that the trial court erred in declining to exclude this witness' testimony. It is settled here that the determination of the qualification vel non of a person to give an expert opinion on a definite subject is a preliminary matter; that its decision is addressed to the sound discretion of the trial court under the evidence bearing upon that preliminary inquiry.—*White v. State*, 133 Ala. 122, 32 South. 139; *L. & N. R. R. Co. v. Sandlin*, 125 Ala. 585, 28 South. 40; *Ins. Co. v. Stephens*, 51 Ala. 123; *Ala. C. & I. Co. v. Heald*,

168 Ala. 626, 643, 644, 53 South. 162; *L. & N. R. R. Co. v. Elliott,* 166 Ala. 419, 52 South. 28; Jones on Ev., § 369.

(5, 6) Under the rule long prevailing here, the finding of the court upon the facts presented on that preliminary inquiry will not be held for error unless the ruling is plainly erroneous. While an hypothetical question, propounded on the examination in chief to an expert witness, is objectionable if it contains elements of fact not shown by the evidence, yet such a question is not objectionable because it omits to hypothesize every fact shown by the evidence, for an examiner of an expert witness may lay as the basis for the opinion invited only those facts in evidence which conform to the theory the examiner would establish, though, of course, such questions should incorporate sufficient of the facts in evidence to fairly justify the formation of an expert opinion on a material issue in the case; the frame and substance of hypothetical questions to expert witnesses being a matter largely committed to the discretion of the trial court.—*B. R. & E. Co. v. Butler,* 135 Ala. 388, 395, 33 South. 33; *Morrissett v. Wood,* 123 Ala. 384, 26 South. 307, 82 Am. St. Rep. 127; *Parrish's Case,* 139 Ala. 16, 43, 36 South. 1012; *Long. Dist. Co. v. Schmidt,* 157 Ala. 391, 47 South. 731; *B. R. L. & P. Co. v. Saxon,* 179 Ala. 136, 59 South. 584; Jones on Ev., §§ 370, 371; 17 Cyc. pp. 244, 250.

(7) In the brief and argument for appellant assignments of error numbered from 5 to 12, inclusive, are treated together. They all relate to the preliminary qualification and the examination of an expert witness. The consideration of these subjects of the assignments mentioned, in the light of the applicable rules before restated, leads to the conclusion that none of them are well taken. The trial court cannot be held to have misused the judgment and discretion with which such courts are invested in the premises. The case of *La Londe v. Traction Co.,* 145 Mich. 77, 108 N. W. 365, does not at all militate against the conclusion we have stated. There the court declined to hold for error the action of the trial court in declining to allow a question that the trial court had held was incomplete, that omitted necessary elements to bring the matter of the opinion sought within the range of the issues made. If the learned trial court had declined to allow some of the questions noted in these assignments, doubtless this court would have found nothing in that to manifest a misuse of the judgment and discretion reposed in him in such matters.

[Hurst v. Fitz Water Wheel Co.]

(8) Charge C, requested for the defendant, was well refused. It was outside of the issues made by the averments of count 12. The negligence therein declared on did not at all depend upon whether the motorman saw Henry Bessiere or not.

There is no merit in the errors assigned and urged here. The judgment is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, GARDNER, and THOMAS, JJ,. concur. ANDERSON, C. J., and SAYRE, J., dissent.