174 So. 791

**McPHERSON v. MARTIN.**

3 Div. 195.

Supreme Court of Alabama.

May 27, 1937.

McMillan & Caffey, of Brewton, for appellee.

Leon G. Brooks, of Brewton, for appellant.

KNIGHT, Justice.

Action under the Homicide Statute (Code 1923, § 5696), brought by appellee, plaintiff in the court below, against the appellant to recover damages for the death of her intestate. The complaint, in each count, charges that the appellant, while operating an automobile over and along a public highway, known as United States Highway No. 31, at a point between Flomaton and Atmore, in Escambia county, so negligently operated the automobile "as to cause it to run into, upon, or against a motorcycle upon which the plaintiff's intestate was then riding upon said highway, and as a proximate consequence of the negligence of the defendant as aforesaid, the plaintiff's intestate was caused to sustain injuries from which he afterwards died."

In addition to the general issue, defendant filed a number of special pleas setting up contributory negligence on the part of plaintiff. Special plea 3 is as follows: "3. That the plaintiff's intestate was himself guilty of negligence which proximately contributed to his injuries in this: that at

the time of the accident he was driving the motorcycle, upon which he was riding, while drunk or in a state of intoxication and that at and just before the time of the accident he was from such intoxication in a condition which rendered him incapable of operating said motorcycle with proper diligence and skill but that notwithstanding this he continued to operate the same and as a proximate result of his said intoxicated condition he caused said motorcycle to collide with the automobile of the defendant."

There were verdict and judgment for plaintiff, and from this judgment the present appeal is prosecuted.

Five errors are assigned upon the record, four of which present for review the action of the court in overruling defendant's objection to certain questions propounded by the plaintiff to her witness Alvin Crawford.

The witness Alvin Crawford had testified, in substance, that the highway upon which the accident occurred was under construction; that the surface was "real smooth and soft," and "had been freshly graded and was being prepared for blacktop"; that on July 11, 1935, witness was in the employ of the Vandigriff Construction Company, and his duties were to sprinkle the highway then under construction; that on the night of the accident the defendant passed him coming towards Brewton, at a point on the highway some three, or four, or five hundred yards west of where the accident occurred; that he did not hear the collision "as the truck he was driving made too much fuss." Then the witness was allowed to testify as follows:

"The thing that first called my attention to the accident was the fact that I saw a light go up into the air. I then proceeded with my sprinkling truck on up to the place. There I found a man and a motorcycle lying in the road. I presume I was the first man at the scene of the collision as I did not see any one else there.

"The condition of the road was real smooth and soft. It was not rutted but was freshly graded. It had been sprinkled within fifteen or twenty minutes of the time of the collision. The road is only about thirty feet wide at this point. Counting the shoulders it is about forty feet. At that time the travelling public was using the road in order that same might be packed.

"With reference to the center of the road the body was lying about five to eight feet on the North side, which was on the motorcycle's side of the road. When I first got there the motorcycle was lying about three or four feet of the center of the road and on the motorcycle's right of the center. The light of the motorcycle was still burning. I stopped my sprinkling truck and left my headlights on and I made an investigation of the tracks of the two vehicles that collided. I got out and examined them and went back to get help immediately."

At this point, the plaintiff's attorney propounded the following question to said witness: "Could you tell from your investigation at just what point in the road with reference to the center of the highway the impact occurred, and if so, where?" To this question the defendant objected on the grounds that it called for the opinion or conclusion of the witness, and further, because it had not been shown that the witness "had knowledge of the facts at the time upon which he could base any such statement." This objection was overruled, and an exception was duly reserved by the defendant. The witness then answered: "I could. It took place about eight feet of the motorcycle's right-of-way from the center of the road. This was from the impression I saw."

Then the plaintiff's counsel asked the witness Alvin Crawford the following question: "What impression was there to show this fact?" The defendant objected to the question upon the same grounds of objection assigned to the preceding question. These objections were likewise overruled by the court, and an exception duly reserved by defendant, and the witness answered: "The tire had been partly knocked off of the automobile's right wheel, or all of the wheel was off, I would not say for certain. The ground had the sign of the hole which had been knocked in the fresh graded dirt where the two vehicles collided or struck."

The court committed no error in overruling defendant's objections to the above questions.

The evidence shows that the witness was upon the scene of the accident within a minute or two after the accident had occurred, and was the first person there with the exception of the defendant, that he had made an investigation of the facts, had an opportunity to observe the tracks of both vehicles, and the condition of the road, and his testimony shows that no other vehicle had approached or passed the place of the accident.

In such circumstances the general rule is that evidence as to tracks or other

marks made by motor vehicles on the pavement or roadway is generally held admissible in civil actions for injury or damage, where the witness testifying had an opportunity to make an observation of them before any change had taken place. Alaga Coach Line v. McCarroll, 227 Ala. 686, 151 So. 834, 92 A.L.R. 470; Bowker v. Illinois Electric Co. 112 Cal.App. 740, 297 P. 615; Tomasko v. Raucci, 113 Conn. 274, 155 A. 64; Grossnickle v. Avery, 96 Ind.App. 479, 152 N.E. 288; Id. (Ind.App.) 154 N.E. 395; Stutzman v. Younkerman, 204 Iowa, 1162, 216 N.W. 627; Opecello v. Meads, 152 Md. 29, 135 A. 488, 50 A.L.R. 1385; Carson v. Turrish, 140 Minn. 445, 168 N.W. 349, L. R.A.1918F, 154; Olson v. Wetzstein, 58 N. D. 263, 225 N.W. 459; White v. East Side Mill Co., 84 Or. 224, 161 P. 969, 164 P. 736; Stubbs v. Allen, 168 Wash. 156, 10 P.(2d) 983.

██ The basis of this rule is that where a fact cannot be reproduced and made apparent to the jury, a witness may describe the fact according to the effect produced on his mind; or if, from the nature of the particular fact, better evidence is not attainable, the opinion of a witness, derived from observation, is admissible. Mayberry v. State, 107 Ala. 64, 67, 18 So. 219; Orr v. State, 225 Ala. 642, 144 So. 867. This is one of the recognized exceptions to the general rule that witnesses must testify to facts, and are not permitted to express mere matters of opinion.

The witness had observed fully the conditions as he had found them, and these circumstances and conditions he had detailed to the jury, along with his conclusions.

██ It is also insisted the court committed error to reversal in overruling defendant's objection to the following question propounded by the plaintiff to his witness Alvin Crawford: "How far did he (referring to defendant) go in that angle and direction before there was the collision?"

The witness had just previously testified: "He was driving practically in the center of the road as well as I could tell and within fifty or sixty feet of where the accident occurred he gradually led off to the left."

We can see no possible ground of objection to the above stated question. Authorities supra.

██ Whether the plaintiff's question to said witness Crawford, "Had the automobile been knocked back any from where you saw that hole you speak of?" was proper or not, we need not determine. It is certain the answer given thereto was not injurious to the defendant. The answer tended to support defendant's theory that the motorcycle ran into his car, rather than that the car ran into the motorcycle.

Defendant's plea 3, heretofore set out in this opinion, presented an issue which the court, by a special charge given at the request of plaintiff, withdrew from the jury, upon the theory that the plea was without support in the evidence. In this there was manifest error.

There was evidence in the case tending to show that at the time of the accident the deceased was riding his motorcycle on the left side of the center of the road (a road not less than 30 feet wide) and struck defendant's approaching car on its extreme right side. There was also evidence tending to show that the plaintiff's intestate was under the influence of liquor at the time of the accident. In fact, the physician, who examined him a short time after the accident and to whose hospital he was carried, testified: "* * * and I remember the night that W. R. Martin (plaintiff's intestate) was brought there to the hospital injured. He was given treatment in my hospital, but died there later. He came there on the 7th, and died on the 17th, no, he came in on the 11th and died on the 17th, the hospital records show. I think I saw him right after he was brought to the hospital, as I recall, which was about midnight, I think. I attended him myself in conjunction with my son. I examined him thoroughly. I noticed the odor of alcohol about his breath. I would say you could detect that odor two or three feet from him. It was noticeable enough to detect it was alcohol. I do not know to what extent he was under the influence of that alcohol. He was unconscious otherwise." On cross-examination by plaintiff's counsel, the physician further testified: "I noticed an odor of alcohol about his breath but I could not say whether or not he was in any state of intoxication. I could not tell whether he had had more than one drink, I made no stomach investigation. As to whether he might just have had one bottle of beer, I couldn't tell anything about that." It may be here noted, however, that there was evidence, in rebuttal, by several witnesses, examined by plaintiff, that the odor of whiskey was not detected about the breath of the deceased.

The courts judicially know that one under the influence of liquor is more inclined, to disregard the ordinary rules of safety and the laws of the road than one who is sober and in full possession of his mental and physical faculties.

In view of the evidence tending to show that the deceased had been drinking, and that he was riding his motorcycle on the left side of the road, it was a question for the jury to determine whether or not the deceased was intoxicated, and if so, whether this condition was the cause of his riding on the left side of the road (if, in fact, he did so ride) and proximately contributed to his injury and death. The issue presented by plea 3, under the evidence, should have been submitted to the jury, and the court, therefore, committed reversible error in giving charge 4 requested by the plaintiff.

The general charge should never be given when the evidence is such that the jury may draw an inference therefrom adverse to the party requesting it. McMillan v. Aiken, 205 Ala. 35, 88 So. 135; Birmingham Stove & Range Co. v. Vanderford, 217 Ala. 342, 116 So. 334.

It follows, therefore, that the judgment of the circuit court must be reversed and the cause remanded for another trial in conformity to the opinion now rendered.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.