3 So.2d 30

**HOLMAN v. BRADY.**

**6 Div. 831.**

Supreme Court of Alabama.

June 5, 1941

Rehearing Denied June 30, 1941.

Foster; Rice, Madison & Rosenfeld, of Tuscaloosa, for appellant.

DeGraffenried & McDuffie, of Tuscaloosa, and Hill, Hill, Whiting & Rives and Albert J. Pickett, Jr., all of Montgomery, for appellee.

THOMAS, Justice.

The trial was had on the simple negligence count and on the wanton count, No. 3, as amended.

The rule that obtains as to the giving of affirmative instruction has been a matter of frequent consideration and need not be repeated here. Alabama Power Co. v. Dunlap, 240 Ala. 568, 200 So. 617; McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

When the evidence is carefully considered, it shows no more than that the driver of the truck that preceded plaintiff's automobile was guilty of initial, simple negligence in turning to the left at the intersection of the highway without looking in his glass to ascertain if there was a vehicle immediately following, or without duly signalling his intention to so turn to the left into the other driveway approaching the road to which he proceeded at, or about at, a right angle.

We may state at this juncture that the driver of a truck on a public highway may assume that others will observe the law of the road. Hammell Dry Goods Co. v. Hinton, 216 Ala. 127, 112 So. 638. However, one must not drive a motor vehicle on the highway which is so constructed or loaded as to obstruct a view of the highway to the rear. Michie's Code of 1928, § 1397 (90), Code 1940, Tit. 36, § 37. A driver of a vehicle before starting, stopping, backing, or turning from a direct line must first see that such movement can be made in safety, and, when another vehicle may be affected, must give a signal of his intention. Michie's Code of 1928, § 1397 (65), Code 1940, Tit. 36, § 17. A conscious failure to use the required means to avoid peril, together with indifference as to consequences, may constitute willful misconduct. However, it is established that there can be no wanton injury without a knowledge of conditions which make the act causing it likely to result in injury, and consciousness of danger. It does not result from mere negligence in the failure to have knowledge and consciousness. Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556.

The evidence tended to show that plaintiff was not free from fault and contributed to the collision by attempting to pass defendant's truck on or near the intersection of that highway in violation of the statutory rules of the road. Mobile Cab & Baggage Co., Inc., v. Akridge, 240 Ala. 355, 199 So. 486.

Section 1397 (61), Michie's Code, Code 1940, Tit. 36, § 13, is as follows:

"*Limitations on privilege of overtaking and passing.*—(a) The driver of a vehicle shall not drive to the left side of the center line of a highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety.

"(b) The driver of a vehicle shall not overtake and pass another vehicle proceeding in the same direction upon the crest of a grade or upon a curve in the highway where the driver's view along the highway is obstructed within a distance of 500 feet.

"(c) The driver of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction at any steam or electric railway grade crossing nor at any intersection of highways unless permitted so to do by a traffic or police officer. Any person violating any of the provisions of this section shall be guilty of a misdemeanor and upon conviction shall be punished as provided in section 1397 (77) of this article. (1927, pp. 370, 371.)"

It is further provided by the statute that any person violating any of the provisions of the section shall be guilty of a misdemeanor and upon conviction shall be punished as provided in Section 1397 (77), Code 1940, Tit. 36, § 30. Griffith Freight Lines v. Benson, 234 Ala. 613, 176 So. 370.

Considering plaintiff's testimony, the evidence shows that plaintiff attempted to pass defendant's truck at or near the intersection of a public highway and on the left side of the roadway (Acts of Alabama, 1927, p. 370, §§ 56, 57 and 58, Code 1940, Tit. 36, §§ 10–12); that there was room to pass on the right of defendant's truck; that the respective vehicles were proceeding at the rate of 35 miles per hour; that plaintiff sounded his horn as a signal for passage and that the truck driver gave no response or indication that he saw or heard plaintiff attempting to pass. Plaintiff further testified that he was familiar with the road and knew that the turn into Buena Vista was what is termed or understood as a

"blind turn"; that he knew the mirror on the truck was turned down so the truck driver could not see and there was no police officer at such intersection; that plaintiff made no effort to stop before he got to the driveway. Plaintiff's testimony further showed skid marks that were about a yard long as affecting the action of the truck or its driver, and that there were skid marks leading from plaintiff's car, indicating his path 75 feet or more on the left side of the road as he plowed up the ground and that the collision or scrape of the truck and car occurred near the entrance to Buena Vista Drive.

The defendant's testimony was to the effect that the truck had begun to turn into Buena Vista Drive when the plaintiff's car came into contact therewith and hit the front, left bumper of the truck a "scrape or clipping lick" and the car went into the post of the driveway.

Defendant's driver said that he was turning into the entrance of Buena Vista Drive when plaintiff "glimpsed" the front end of the truck and went into the post; that plaintiff went through the intersection of the highway on the left side of the road and hit the post on the far side of the drive in the direction in which they were originally proceeding. The photographs exhibited tend to indicate this.

The record further shows without dispute that the driver of defendant's truck was proceeding to Buena Vista Subdivision to deliver an order of lumber when the collision occurred. Cases of contributory negligence recently considered by this court are Griffith Freight Lines v. Benson, supra; Greer v. Marriott, 27 Ala.App. 108, 167 So. 597, certiorari denied 232 Ala. 194, 167 So. 599; Heffelfinger v. Lane, 239 Ala. 659, 196 So. 720.

In considering a statute like ours [Michie's Code, § 1397(61) (c)], the Louisiana Court said in Wyble v. LaFleur, La.App., 164 So. 461, 463: "With an intersecting street only fifty-five or sixty-five feet ahead of him, we believe that it was a dangerous maneuver for plaintiff to overtake another vehicle in motion ahead of him. In order to do so, he necessarily had to speed his motorcycle, as indeed he did in this case, and it became next to impossible for him to safely bring it ahead of the overtaken car and have it under proper control in the short distance that was left before he entered the intersection. Under our State Highway Regulatory statute, Act No. 21 of 1932, in section 3, part of which is devoted to prescribing the rules of the road, we find that rule 7, paragraph (e), specifically prohibits the driver of a vehicle from overtaking another vehicle proceeding in the same direction, 'at any steam, electric or other railroad grade crossing or any intersection of the highway, unless permitted or instructed to do so by a duly authorized traffic or police officer.' The words 'at any intersection' we understand to mean within a reasonable distance of the intersection, and whilst we do not want to be understood as fixing that distance at any given number of feet, we do believe in this case, considering the rate of speed at which it became necessary for the plaintiff to drive his motorcycle in order to get ahead of the Umstead car, that it was a dangerous thing to do and he should not have attempted it when only some fifty-five or sixty feet from the street corner. A simple arithmetical calculation will show that, going at twenty-five or twenty-six miles per hour, as we have found he was at the time, he was covering between thirty-six and thirty-eight feet per second and consequently he had less than two seconds in which to bring his motorcycle back to its proper place on the street and slacken his speed to such rate as to give him proper control over it to meet any emergency which might present itself in the intersection."

An assignment of error is directed to the supposed error of the court in charging the jury to the effect that: "In Count 1 of the complaint the plaintiff likewise claims that the defendant's servant or agent, who was operating the truck of the defendant at said time and place on said highway, was also guilty of subsequent negligence, in that he discovered the plaintiff in a dangerous position and negligently failed to take due and proper precaution not to injure the plaintiff."

■ It is unnecessary to say more with reference to the above assignment than the charge merely states to the jury what was embraced in plaintiff's count 1. In this respect the charge is free from error, as a charge may state the contentions and theories of the parties. St. Louis & S. F. R. Co. v. Dennis, 212 Ala. 590, 103 So. 894.

■ The fourth assignment of error is directed to the portion of the oral charge

of the court reading as follows: "It is also for you to say whether or not the defendant was guilty of any subsequent negligence, that is, that the defendant saw the plaintiff in a position of danger and failed to exercise due and proper precaution to prevent injuring plaintiff after he saw him in a position of danger."

Such an issue was presented by the pleadings, and unless excluded by the court's charge, that issue of subsequent negligence remained for the jury to pass upon.

It is to be noted that no instruction was requested by defendant charging subsequent negligence out of the case as an issue to be considered by the jury. The only assignments of error relative to subsequent negligence are directed to the court's oral charge. No written instructions relative thereto were requested and refused. Code of 1923, § 9507, Code 1940, Tit. 7, § 270, says that, "The court may state to the jury the law of the case, and may also state the evidence when the same is disputed, but shall not charge upon the effect of the testimony, unless required to do so by one of the parties."

Assignment of error No. 7 is directed to the overruling of the defendant's objection to the following question propounded by plaintiff's counsel: "Q. In your judgment, what distance west of that entrance would you have been completely clear of the truck, if he had not veered over on you?"

The answer was: "A. Before we passed the entrance to that place, I would have been completely by him."

The rule as to statements of collective facts is well known. In Louis Werner Sawmill Co. v. Vinson & Bolton, 220 Ala. 210, 124 So. 420, it is said that the ultimate fact may be stated where it is practically impossible to reproduce or adequately describe primary facts on which inference is based. See also McPherson v. Martin, 234 Ala. 244, 174 So. 791, and Rowe v. Alabama Power Co., 232 Ala. 257, 167 So. 324.

Cases held to invade the province of the jury are hereinafter set out. Houston v. Elrod, 203 Ala. 41, 81 So. 831, 832. In that case it was held to be error to allow the witness to be asked "When you saw her on the side of the road, * * * if she had stood where she was, and the car had passed where it did pass, would the car have struck her?"

In Bigham v. State, 203 Ala. 162, 82 So. 192, it was held that there was no error committed in declining to allow the witness to say that it was very rough on the other side; that it would be almost impossible for a man to have gotten out on the other side. This was held to be a conclusion the jury could draw from the facts, which the witness was properly permitted to detail.

In Miller v. Whittington, 202 Ala. 406, 80 So. 499, 502, it was held improper in the contest of a will to ask a nonexpert witness "What would you say as to his mental condition?" The witness answered, "He was all right mentally; that is, he had testamentary capacity."

In Alabama Power Co. v. Armour & Co., 207 Ala. 15, 92 So. 111, the evidence for plaintiff tended to show that the motorman realized the danger and had time to have sounded his gong and thereby prevented the accident. It was held that this conclusion was for the jury.

In Central of Georgia Ry. Co. v. Ellison, 199 Ala. 571, 75 So. 159, it was held that there was no error in refusing to allow the engineer to state on cross-examination that if he had sounded the whistle, deceased would not have had time to get up, it not being a matter for expert testimony. The court observed that the witness should have stated the facts and let the jury draw the conclusions.

After the question above set out was answered the witness was further asked: "Would you say you would have passed him as far as fifty feet from the intersection if he had not cut over on you?" The witness answered, "Yes, sir." In permitting the foregoing questions and answers, reversible error intervened, such being material conclusions from detailed facts, which the jury itself should have been allowed to draw from the evidence.

The writer is of the opinion that the refusal to give the general affirmative charge requested in writing by the defendant as to count 3 as amended was not error, since it was open to the jury to find from the evidence that the truck driver heard the warnings of approach testified to have been given by the driver of the car, and while the truck driver was so conscious of the approach and impending peril, and driving as he was on or near the center line of the road, turned

492

in front of plaintiff's car and recklessly cut said truck in front thereof,—and without again looking to the rear.

In this last stated view Mr. Justice FOSTER concurs. However, GARDNER, C. J., and BOULDIN, BROWN, and LIVINGSTON, JJ., are of opinion that error was committed in submitting to the jury the wanton count.

All the Justices concur in the view that error was committed in permitting the questions and answers set out above, and that for this reason the judgment of the circuit court should be reversed and remanded. It is so ordered.

Reversed and remanded.

All the Justices concur, except KNIGHT, J., not sitting.