27 So.2d 818

### KOZLOWSKI v. STATE.
### 7 Div. 881.

Supreme Court of Alabama.
Oct. 17, 1946.

Wm. N. McQueen. Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the petition.

Beddow & Jones, of Birmingham, opposed.

FOSTER, Justice.

There are two questions involved in the opinion of the Court of Appeals, 27 So.2d 811, and both of them need consideration on this petition.

The majority of that court in an opinion by Judge Carr in agreeing to a reversal of the judgment, held that the evidence is not sufficient to support a finding by the jury of the existence of the corpus delicti. But they agree with him that there was error in respect to the State's witness J. C. White. So that all three of the judges agree to a reversal on that ground, but Judge Harwood is of the opinion that evidence of the corpus delicti was sufficient for a finding of its existence as was done by the jury.

With reference to the evidence of J. C. White, as to which the State challenges the opinion of the Court of Appeals, it is stated in that opinion that he testified that he lived near the river for seven years and during that time spent much of his time on it; and, at length, as to his familiarity with the currents and flow of the river in the region where deceased drowned; that the water in the river was then about four feet high and pretty swift. He located the body of deceased on the third day after the drowning, which was about one mile from where the boat had been tied to a willow (as alleged by defendant), and near the bank of the river; that he had assisted in recovering other bodies from the river. He was allowed to testify, over defendant's objection, that he thought that "if the body had been out as much as sixty feet from the bank (as alleged by defendant), it would have gone a mile below the second island, which was a little better than a mile from where she was drowned." That means to say, as we understand it, that in his opinion, if she was in the swift water about sixty feet from the bank when she was drowned, the meandering of the river and its current were such as that her body would not have reached the bank until it had gone a mile from where it was found floating near the bank. Since from his evidence he was familiar with the currents and flow of the river, and the obstructions in it, and how the current flowed in relation to the bank and those obstructions, and the meandering of the shore line, his evidence above quoted meant that such a floating body in the swift stream at that location would not, in his opinion, have been carried to the bank by the course of the current until it had reached a point a mile further down the stream. It may be that at the latter point there was a bend in the river or an obstruction which caused the current to flow near the bank. He did not go into detail as to that so far as the opinion specifically points out. He showed however as there recited a familiarity with the currents and their flow, the location of obstructions, and had probably observed different objects and their course as they floated down the stream.

This statement of the witness may be called a conclusion of fact. It was not one of law, and not the ultimate fact for deci-

sion by the jury. "He is not required to state every fact separately from every other fact: he may state facts either separately or collectively"; "it is not only permissible for a witness to sometimes state a conclusion as to a fact, but often absolutely necessary that he do so, if he testify at all relative to the fact. The rule prohibits merely the drawing or stating of conclusions of law, which are questions for the court, and of certain conclusions of fact which, under the issues and evidence, are exclusively questions for the jury, and to be determined from all the other facts or evidence in the case. These conclusions of fact are denominated by our Court 'short-hand rendering of facts,' to be distinguised from mere gratuitous opinions, motives, and conjectures of the witness." Mobile, J. & K. C. R. Co. v. Hawkins, 163 Ala. 565, 584, 585, 51 So. 37, 43.

■ The same principle is otherwise expressed as follows: "The ultimate fact may be stated where it is practically impossible to reproduce or adequately describe primary facts on which inference is based," Holman v. Brady, 241 Ala. 487, 3 So.2d 30, 33, or "where a fact cannot be reproduced and made apparent to the jury, a witness may describe the fact according to the effect produced on his mind," McPherson v. Martin, 234 Ala. 244, 174 So. 791, 793; Rowe v. Alabama Power Co., 232 Ala. 257, 167 So. 324; Alabama Power Co. v. Jackson, 232 Ala. 42, 166 So. 692; 32 Corpus Juris Secundum Evidence, § 461, p. 103; or "if, from the nature of the particular fact, better evidence is not obtainable, the opinion of the witness, derived from observation, is admissible." McPherson v. Martin, 234 Ala. 244, 174 So. 791; Louisville & Nashville R. Co. v. Steverson, 220 Ala. 158, 124 So. 205. "The true line of demarcation is where an inference, necessarily involving certain facts, may be stated without the facts, the inference being the equivalent of a specification of the facts." Pollard v. Rogers, 234 Ala. 92, 173 So. 881, 885; South & N. Ala. R. Co. v. McLendon, 63 Ala. 266, 276. Such a qualified witness may state a fact known to or observed by him even though his statement involves a certain element of inference. See, Pollard v. Rogers, supra. With respect to such evidence, it is not necessary that the witness shall have expert skill as to the matter.

■■ The rule we think is thus soundly expressed in 32 Corpus Juris Secundum Evidence, § 456, p. 94: Such "opinion evidence may be given by an ordinary observer. The ordinary observer is qualified if it appears to the presiding judge that he has had sufficient opportunities for drawing the inference which he proposes to state, and possesses the capacity necessary to make and state it. Where the statement is largely one of fact, the qualification of the witness consists, not in skill or special experience, but in his possession of satisfactory data; but a witness who cannot claim to be a skilled witness may nevertheless have a special experience which enables him to draw a more accurate inference from particular phenomena than could be drawn by a mere casual observer." And § 458, on page 99, supra, it is said: "Whether or not the qualification of a witness to state his opinion is sufficiently established is a matter resting largely in the discretion of the trial court, and its ruling thereon, * * * ordinarily will not be disturbed on appeal unless there is a clear showing of abuse. If the witness has some qualifications, he should be permitted to testify." Dersis v. Dersis, 210 Ala. 308(6), 98 So. 27; Brown v. Mobile Electric Co., 207 Ala. 61(4), 91 So. 802; Alabama City G. & A. R. Co. v. Bessiere, 197 Ala. 5, 72 So. 325; Burnwell Coal Co. v. Setzer, 191 Ala. 398, 67 So. 604.

The modern tendency is to regard it as more important to get the truth of the matter than to quibble over distinctions. 32 Corpus Juris Secundum, Evidence, § 459, p. 101.

■ In the instant case the trial court allowed the evidence, thereby holding that the witness was qualified within the rule announced. That means that he had sufficient knowledge and experience to state a fact in respect to matters known to and observed by him, though his statement involved an element of inference. We do not think that there was a clear showing of abuse of discretion in so ruling.

While the Court of Appeals reversed the trial court on that question, their opinion sets out the evidence on which the reversal was based, and in so holding, we think the Court of Appeals did not give due effect to the principle of law which delegates to the trial judge a discretion in that matter, and that an exercise of that discretion will not be reversed unless there is a clear showing of abuse. The Court of Appeals did not base their holding on the existence of such abuse. There is therefore here involved a question of law for our decision.

 We do not think the question to the witness is subject to the further criticism made by the Court of Appeals. The only hypothesis of the question was, assuming that the body fell into the water sixty feet from the bank. The other matters relative to his answer were personally known to him, and needed no hypothesis. Moreover, a hypothetical question need not mention all the facts as to which there was evidence. Alabama City G. & A. R. Co. v. Bessiere, supra; Burnwell Coal Co. v. Setzer, supra.

### Corpus delicti.

The opinion of Judge Harwood for the Court of Appeals summarized the evidence tending to show the corpus delicti, and for himself decided that the substantial evidence was sufficient to justify a finding by the jury that the corpus delicti existed. The other two members of the court decided that it was not sufficient.

It will be noted that as to that question the Court of Appeals did not draw an inference from the evidence that the corpus delicti did not exist. That was a jury question if the evidence was sufficient to justify such an inference. The court could only decide whether the jury may so reasonably infer from the evidence. Hill v. State, 207 Ala. 444, 93 So. 460; Winslow v. State, 76 Ala. 42; 23 Corpus Juris Secundum Criminal Law, § 1124, p. 620. Therefore in reviewing the finding that certain evidence recited in the opinion was not sufficient on which the jury could find the existence of the corpus delicti, we are not reviewing any factual finding by the Court of Appeals, nor their judgment

as to the weight of the evidence. When the evidence is set out in the opinion of the Court of Appeals we will review its legal sufficiency. Rainey v. State, 245 Ala. 458, 17 So.2d 687.

Applying that principle here, we think that the evidence so recited, including that of the witness White, supra, is legally sufficient to justify a finding by the jury of the corpus delicti. This the jury evidently did. The reasons for so holding as set out in the opinion of Judge Harwood are approved by us, and need not have further elaboration. Winslow v. State, 76 Ala. 42; Ryan v. State, 100 Ala. 94, 14 So. 868; DeSilvey v. State, 245 Ala. 163, 16 So.2d 183.

We therefore think the judgment of the trial court should be affirmed insofar as concerns the questions discussed by the Court of Appeals. The judgment of the Court of Appeals reversing that of the trial court is itself reversed and the cause remanded to the Court of Appeals for further consideration.

Reversed and remanded.

GARDNER, C. J., and BROWN, LAWSON and STAKELY, JJ., concur.

LIVINGSTON and SIMPSON, JJ., dissent on the question of corpus delicti, and think that on that question the opinion of the majority of the Court of Appeals should be affirmed, but agree with the treatment in this opinion of the question relating to the evidence of the witness White.