Plaintiff, Mrs. Lavelle Dyer, appeals from a judgment for defendants, William H. Traeger, Jr., et al., and from a denial of her motion for new trial in a negligence suit tried to a jury, arising out of an automobile accident. We affirm.
The accident, which provides the basis for this suit, occurred on November 22, 1975, shortly after 5:00 a.m. on U.S. Highway 80 in Demopolis, Alabama, while plaintiff was delivering newspapers along her designated route. Just prior to dropping off her allotted papers at Gilbert's Drive-In, plaintiff's and defendants' vehicles collided. Plaintiff testified that she was in the right lane, preparing to turn in at Gilbert's Drive-In, when defendants' vehicle, which was operated by Joseph Cargile, struck her from the rear. Defendant Cargile testified that he was in the right lane, and plaintiff crossed over from the middle lane in front of him so that he hit her in the right lane. The case went to the jury which found for the defendants. This appeal resulted.
Plaintiff contends that the trial court erred in allowing city policeman Charles Avery to give his opinion as to the location of the point of impact, because, she argues, there were insufficient facts in evidence to support that opinion. Plaintiff contends the only evidence Avery had upon which to base his testimony was some broken pieces of glass found in the roadway.
It is, of course, the general rule that witnesses must testify to facts and cannot express mere matters of opinion. McPherson v.Martin, 234 Ala. 244, 174 So. 791 (1937). There are, of course, exceptions to this rule. Thus, it is held that where a fact cannot be reproduced and made apparent to the jury, a witness may describe the fact according to the effect produced on his mind; or, if, from the nature of the particular fact better evidence is not attainable, the opinion of a witness, derived from observation, is admissible. McPherson v. Martin, supra.
The precise question of whether opinion evidence is admissible as to the point of impact of a collision is one which has occasioned a wide divergence of opinion. See "Opinion Evidence — Point of Collision," 66 A.L.R.2d 1048. In Alabama, the rule seems to be clear that such opinion testimony is proper, assuming the witness details the facts upon which his conclusion is based.Robinson v. Morrison, 272 Ala. 552, 133 So.2d 230 (1961);Madison v. State, 40 Ala. App. 62, 109 So.2d 749 (1958);McPherson v. Martin, supra.
Plaintiff argues, however, that such testimony is improper in that it is a subject which is within the common knowledge and ken of the jury. We cannot agree. We think this argument is adequately answered by the following quotation from a California Court of Appeals' decision. *Page 330 
 ". . . It is quite obvious that the conclusion, based upon the facts of the particular case, as to just where a collision between two vehicles occurred, may be so obvious that any reasonable person, trained or not, can draw that inference from the facts. It is equally clear that cases may occur where the opinions of trained experts in the field on this subject will be of great assistance to the members of the jury in arriving at their conclusions. In such cases a traffic officer who has spent years investigating accidents in which he has been required to render official reports not only as to the facts of the accidents but also as to his opinion as to their causes, including his opinion, where necessary, as to the point of impact, is an expert. Necessarily, in this field, much must be left to the common sense and discretion of the trial court."
Zelayeta v. Pacific Greyhound Lines, Inc., 104 Cal.App.2d 716,726-27; 232 P.2d 572, 579 (1951).
We think Avery's testimony as to point of impact, based upon the location of fragments of glass, was one of those subjects which required an opinion. We think the alleged paucity of facts upon which Avery based his opinion goes to the weight, rather than the admissibility, of the evidence. There is no error in the trial judge's ruling.
Plaintiff next contends that witness Tony Stough was improperly qualified as an accident reconstruction "expert."
The admission of opinion testimony by so-called "Accident Reconstruction Experts" or "Accidentologists" has been a subject which has occasioned a great deal of debate in Alabama and elsewhere. Over the past six years in Alabama, the issue of the propriety of opinion evidence by an "Accident Reconstruction Expert" as to the speed of vehicles at the time of the accident or their point of impact, etc., has been directly considered by this Court in two cases, Maslankowski v. Beam, 288 Ala. 254,259 So.2d 804 (1972), and Williams v. Tyler, 340 So.2d 20 (Ala. 1976), and alluded to in at least one other, McWhorter v. Clark,342 So.2d 903 (Ala. 1977). However, no clear consensus has yet emerged from these cases.
We need not reach the issue as to whether the use of opinion testimony by an "Accident Reconstruction Expert" is proper because we consider that witness Stough was properly qualified as an expert notwithstanding that appellation and that the testimony sought to be elicited from him is admissible.
Of course, the testimony of expert witnesses is not binding upon the jury, unless uncontradicted and a subject exclusively within the knowledge of experts. Union Central Life InsuranceCompany v. Scott, 286 Ala. 10, 236 So.2d 328 (1970); see alsoHalstead Contractor, Inc. v. Dirt, Inc., 294 Ala. 644,320 So.2d 657 (1975). And, an objection to his testimony on the ground of inadequacy of facts, goes to the weight of the evidence rather than its admissibility. Shelby County v. Baker, 269 Ala. 111,110 So.2d 896 (1959).
The question of whether or not a particular witness will be allowed to testify as an expert is largely discretionary with the trial court, whose discretion will not be disturbed on appeal except for abuse. Byars v. Mixon, 292 Ala. 661, 299 So.2d 262
(1974); Hagler v. Gilliland, 292 Ala. 262, 299 So.2d 647 (1974).
Here, we think that witness Stough was properly qualified to testify. His qualifications included the fact that he was Deputy Director of the Law Enforcement Academy of the University of Alabama, where he taught the standard accident investigation course. He had also served as a police officer with the Tuscaloosa Police Department for nine years, during which time he had investigated numerous cases and had testified as a "consultant" on accident reconstruction in both state and federal courts. Given this background, we cannot say the trial judge abused his discretion in allowing Stough to testify as an expert.
Plaintiff finally contends that Stough was improperly allowed to answer *Page 331 
certain hypothetical questions because, she argues, the questions failed to incorporate sufficient facts upon which his opinion could be based. Again, we are constrained to disagree. The frame and substance of hypothetical questions to expert witnesses is a matter largely committed to the sound discretion of the trial court. Dendy v. Eagle Motor Lines, Inc., 292 Ala. 99, 289 So.2d 603 (1974); Hagler v. Gilliland, supra. The record shows that the trial judge did not abuse his discretion. In fact, on a number of occasions, the trial judge sustained an identical objection by plaintiff to other questions asked of witness, Stough, thus indicating that he was mindful of the rule that hypothetical questions, asked of experts, must incorporate sufficient facts, and he did not abuse his discretion.
For the foregoing reasons, therefore, this case is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER and EMBRY, JJ., concur.
ALMON, J., concurs in the result.