PER CURIAM.
From sometime in 1970 until the latter part of 1976, the plaintiff, Wayne Smith, and the defendant, Roy Granger, had a number of business ventures together. Smith, Granger, and William Carr also were involved in the purchase and development of a parcel of real estate located in Elmore County, which purchase was made in 1970. The down payment on this property was supplied by a loan from a bank, and it is not disputed that the three men were partners in the acquisition of this property.
So far as the record before us discloses, Carr was interested only in this one venture. Smith and Granger, on the other hand, had a number of different business ventures in which Carr was not interested. Additionally, Smith and Granger were engaged in the buying and selling of property individually and not as partners throughout this period. In 1976, Granger informed Smith that he was dissatisfied with the arrangement between them and suggested that their business relationships be severed. There is no question that a business venture between the two of them, known as Gran-ger and Smith Oil Company, which was engaged in the business of buying and selling petroleum products, and another known as Castaway Island Beach Resort and Marina, was terminated in 1976. The dispute between these two concerns the question of whether or not the relationship between Smith and Granger in the development of the property, the subject of this suit, known as the Council Rock Property, was also terminated at that time. Granger takes the position that all business relationships between Smith and himself were terminated in 1976, and that Smith was paid some *201 $25,000 in the process, and that Granger and Carr then became the sole owners of what property remained unsold from the Council Rock venture.
The suit was filed by Wayne Smith seeking to have the court declare that he and Granger and Carr each owned an undivided one-third interest in the Council Rock Property and he further sought to have the lands partitioned between them or sold for division on that basis. Carr and Granger denied that Smith owned any interest in the property and contended that the 1976 settlement of the relationship between Smith and Granger settled all interests that he had in the property.
Smith conceded that there was considerable commingling of funds and commingling of assets between Castaway and Granger and Smith Oil Company. He denied that there was ever any commingling of funds between those two businesses and Council Rock. Smith testified that at the time of the discussions with respect to the dissolution of business relations between him and Granger, he was told by Granger, “I will continue to give you your interest in Council Rock if you and Travis will give me a ten-year lease for my oil business on Castaway.” Smith testified that “I told him that I would give him one” (that is, a ten-year lease), but that he later was unable to do so. He also testified that Granger said at the time of the dissolution discussions in 1976 that the dissolution ended everything between them including Council Rock.
The case was tried to a jury, and the following specific interrogatory was answered in the affirmative:
Did the dissolution of the various business ventures between Wayne Smith and Roy Granger on November 1,1976, terminate the claims that each had against the other?
YES X
NO _
Thereafter, the trial court entered a judgment in favor of Granger on this verdict, and Smith appeals. We affirm.
Although on appeal Smith asserts a number of issues for review, we are convinced that none compels reversal. We have carefully read the record in the case and, although we agree with the appellant that under Starr v. Starr, 293 Ala. 204, 301 So.2d 78 (1974), a party is permitted to testify as to his intent, we cannot agree with him that the trial court excluded such testimony. To the contrary, the record discloses that Smith was permitted freely to testify with respect to what his perception of the negotiations with respect to settlement of the dispute between him and Gran-ger was, as was Granger. We also agree with the appellant that under the facts here, which are undisputed, the property involved was partnership property, each partner owning a one-third undivided interest therein, notwithstanding the fact that legal title to the property was taken in Granger’s name. However, we think the record fully supports the jury’s finding that Smith relinquished any interest which he claimed in the property involved in the course of settling all of his business dealings with Granger in 1976. In fact, the record shows that during the course of all of their business ventures, Granger contributed over $100,000 of his money to the several ventures, while Smith contributed less than $10,000. This fact is not disputed and, as noted by the appellant, despite the overall length of the record, 551 pages, there are few areas of dispute as to material facts. Moreover, we are unpersuaded that the Statute of Frauds was violated. There was no question that adequate consideration passed to Smith, and Granger was in possession of the property. Thus, the statute is complied with. Section 8-9-2(5), Code of Ala. 1975.
The jury resolved the disputed facts favorably to the position taken by Granger. Because there is evidence from which the jury could do so, we are compelled to affirm the judgment entered on the jury verdict.
We have carefully reviewed all of the issues argued by the appellant for reversal and find none which requires reversal.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.