This is an appeal from a judgment on jury verdicts for the defendants in a wrongful death action. The plaintiff argues that the trial court allowed one of the defendants to testify regarding an issue of ultimate fact, that the testimony invaded the province of the jury, and that allowing it was error; and that it erred in instructing the jury about disregarding the testimony of an impeached witness, in entering judgment on what the plaintiff says are inconsistent verdicts, and in denying a motion for new trial on the ground that the verdicts were unsupported by the evidence or showed that the jury failed to follow the court's instructions.
On December 17, 1987, a collision occurred between an automobile driven by Lisa Cannon and one driven by Ronnie Woods. Carolyn Franklin was a passenger in the Cannon automobile and died as a result of injuries she suffered in the collision. Both Cannon and Franklin were 17 years old. The collision occurred when Cannon, making a left turn, lost control of her car, which was caused to slide sideways along the lane of oncoming traffic. The passenger side of Cannon's car was toward the oncoming traffic, and Woods's vehicle struck Cannon's car.
Franklin's father brought an action against Cannon and Woods. Woods cross-claimed against Cannon, alleging damage to his automobile. Because Alabama's Guest Statute, Ala. Code 1975, § 32-1-2, precludes the liability of a driver for injuries to a guest passenger except when caused by the driver's willful or wanton conduct, Franklin's claim against Cannon was submitted to the jury only on the issue of wantonness.
Cannon's attorney asked her the following question: "Did you consciously do something or do any act that you felt would endanger the life of your best friend and you?" The court overruled Franklin's objection, and Cannon answered, "No, sir, I didn't." Franklin argues that that question invaded the province of the jury in its ultimate decision of whether the acts of Cannon amounted to wantonness. *Page 121 
Franklin first cites Oxford Iron Co. v. Spradley, 51 Ala. 171
(1871), as holding that a person whose motive or intention is at issue cannot testify as to his motive or intention. That principle was overruled in Starr v. Starr, 293 Ala. 204,301 So.2d 78 (1974). See Smith v. Granger, 388 So.2d 200 (Ala. 1980); C. Gamble, McElroy's Alabama Evidence, § 102.07 (3d ed. 1977).
Franklin also cites Broughton v. Kilpatrick, 362 So.2d 865
(Ala. 1978), and Holman v. Brady, 241 Ala. 487, 3 So.2d 30
(1941), as holding that, in circumstances similar to those presented here, a trial court erred in allowing the defendant driver to give testimony that invaded the province of the jury. Those cases are distinguishable, however, because the questions in those cases involved "material conclusions from detailed facts, which the jury itself should have been allowed to draw from the evidence." Holman, 241 Ala. at 491, 3 So.2d at 34;Broughton, 362 So.2d at 868. In both cases, the question regarded the causation of the accident — in essence, whether the defendant's vehicle would have struck the plaintiff's if the plaintiff had not driven into the defendant's path.
Such speculations as to causation are distinguishable from a direct question as to the defendant's intent or mental state. Far from holding that such a question cannot be asked if it relates to an ultimate issue, Starr v. Starr holds that such a question can be asked only if the testimony is material to the issues in the case. The trial court did not err in overruling Franklin's objection to the question at issue.
Franklin next argues that the court erred in giving the following instruction to the jury:
 "The court charges you that a witness may be discredited or impeached by contradictory evidence by showing that the witness testified falsely concerning a material matter or by evidence that at some other time the witness has said or done something or failed to say or do something which is inconsistent with the witness's present testimony.
 "If you believe that any witness has been so impeached, it is your exclusive province to give the testimony of that witness such credibility or weight, if any, you think may be deserved."
This charge is virtually the same as one approved inLocal 204 of Textile Workers Union of America v. Richardson,245 Ala. 37, 15 So.2d 578 (1943), and in a long line of cases cited therein, particularly Birmingham Ry. L. P. Co. v.Glenn, 179 Ala. 263, 60 So. 111 (1912). The instruction inLocal 204 regarded contradictory evidence given by the plaintiff, but cases such as Reynolds v. State, 196 Ala. 586,72 So. 20 (1916), make it clear that the rule applies to all witnesses, not just litigants. The Court of Criminal Appeals has cited with approval the phrasing of the instruction inLocal 204. Eslava v. State, 473 So.2d 1143 (Ala.Crim.App. 1985). The words "if any" are not in the instructions in those cases, but if the jury has discretion as to what weight to give the testimony, it can choose to give it no weight at all. Therefore, the addition of the words "if any" in the instruction at issue does not change the meaning of the instruction, and those words are not so emphasized as to create any error.
Franklin cites an instruction that this Court has approved, stating that, if the jury finds that a witness has willfully testified falsely on a material matter, the jury may disregard that witness's testimony entirely, and argues that the instruction given in this case omits the required element of willfulness. See, e.g., Sanders v. Scarvey, 284 Ala. 215,224 So.2d 247 (1969); Palmer v. Rucker, 289 Ala. 496, 268 So.2d 773
(1972). However, Justice Bouldin, writing for the Court inLocal 204, dismissed the very same argument:
 "Charge 17 in the Glenn case dealt with contradictory statements of the plaintiff in that case as Charge 65 deals with such statements by the plaintiff in this case. . . .
 "The principle that where one has willfully sworn falsely to a material fact, his evidence may be wholly disregarded, is a distinct principle from that here considered."
245 Ala. at 42, 15 So.2d at 582.
For the foregoing reasons, the trial court did not err in giving the quoted instruction. *Page 122 
Franklin's third and fourth arguments are premised on the assertion that the undisputed evidence showed that Cannon was at least negligent. After reviewing the record, we conclude that the jury could have found, from the evidence, that the collision occurred through no fault of Cannon's, but occurred due to the wet and slippery condition of the road. There was evidence that Cannon was not going fast and that her car lost traction as she attempted to make the turn. When a driver loses control of his vehicle on a road that is slippery with water or ice, the mere fact that his vehicle skids into another driver's lane does not make him liable as a matter of law. Harris v.Brewer, 487 So.2d 252 (Ala. 1986); Guthrie v. McCauley,376 So.2d 1373 (Ala. 1979); National Biscuit Co. v. Wilson,256 Ala. 241, 54 So.2d 492 (1951).
The trial judge heard all of the evidence and observed the testimony of the witnesses as they explained how the accident happened. The judge considered the evidence in light of the arguments on the motion for new trial, arguments now made in Franklin's third and fourth issues, and concluded that the verdict was supported by the evidence and that the motion was due to be denied. "Granting or refusing a motion for new trial rests within the sound discretion of the trial court; the exercise of that discretion carries with it a presumption of correctness which will not be disturbed by this court unless some legal right was abused and the record plainly and palpably shows the trial court was in error." Hill v. Cherry,379 So.2d 590, 592 (Ala. 1980); Hill v. Sherwood, 488 So.2d 1357 (Ala. 1986). Finding no such abuse of the court's discretion, we affirm the judgment.
AFFIRMED.
HORNSBY, C.J., and MADDOX,
ADAMS and STEAGALL, JJ., concur.