(93 South. 822)

## KENNEDY v. STATE. (2 Div. 781.)

(Supreme Court of Alabama.   May 11, 1922.
Rehearing Denied June 30, 1922.)

**1. Criminal law ⟊1169(5)—Erroneous admission of evidence cured by exclusion and instructions to disregard.**

Erroneous admission of evidence that person, whom defendant was charged with robbing, had a warrant for defendant's arrest, was rendered innocuous by exclusion thereof, and by instruction to disregard it, and instruction that the person was an unjustified assailant of defendant.

**2. Robbery ⟊3—Larcenous intent at time of taking essential.**

An essential factor in robbery is that there be a larcenous intent at time of taking.

**3. Criminal law ⟊753(2)—Affirmative charge properly refused on conflicting evidence.**

Affirmative charge against defendant's conviction is not warranted, where the evidence is conflicting and largely inferential.

**4. Robbery ⟊23(3)—Carrying of article away evidence on issue of larcenous intent in taking.**

On the issue of whether the taking by defendant of a pistol, from one attempting without authority to arrest him, was with larcenous intent, or merely defensive and protective, as claimed by him, the fact that he carried it away and retained it on his flight to another state, though inconclusive, was a circumstance for the jury's consideration.

**5. Criminal law ⟊829(1)—Requests covered by charges given properly refused.**

There is no prejudicial error in refusing requests for instruction, the law of the case being adequately given in the oral charge and in special charges.

Appeal from Circuit Court, Hale County; S. F. Hobbs, Judge.

Mose Kennedy was convicted of robbery, and appeals. Affirmed.

Thos. E. Knight, Jr., and S. W. H. Williams, both of Greensboro, for appellant.

For an act to amount to a crime, there must have been an intention and an unlawfulness. 73 Ala. 523; 58 Ala. 381. To support a conviction for robbery, the larceny must be established; to establish larceny, the felonious taking must be established, which is with animus furandi, and with unlawful taking, without either of which elements there can be no larceny. 91 Ala. 34, 9 South. 81: 8 Port. 461, 33 Am. Dec. 294; 121 Ala. 36, 25 South. 690; 68 Ala. 539.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

McCLELLAN, J. [1] The defendant (appellant) was convicted of the robbery of John R. Martin, at the time a deputy sheriff in Hale county. A pistol was the property averred to have been taken. The officer had gone to the dwelling of the defendant to arrest him on a warrant from another county. Because the evidence for the prosecution failed to disclose any right in the officer to arrest defendant on a warrant from another county, the court, on motion of defendant, excluded all the evidence relating to the warrant, and affirmatively instructed the jury not to consider any evidence in respect of the warrant, thereby rendering innocuous previously admitted testimony in reference to the warrant. The absence of any authority in Martin to arrest defendant left Martin in the attitude of an unjustified assailant of defendant. The court so advised the jury, upon defendant's request.

[2-4] An essential factor in robbery is that the taking should, at the time of manucaption, have been with a larcenous intent. Thomas v. State, 91 Ala. 34, 9 South. 81. The defendant admitted, in effect, the forcible taking of the pistol; but sought to explain, palliate, or justify his act by referring it to the right to disarm Martin, who was, at the time, therewith threatening or menacing defendant through an unjustified assault upon him. On the other hand, the prosecution introduced evidence tending to show that the defendant's act was inspired or characterized by a larcenous intent. In instruction to the jury, through special charges along with the oral charge, the court submitted to the jury the determination of the important issue indicated. The evidence on this issue—conflicting and largely inferential as it was— did not warrant the court in giving affirmative instruction against defendant's conviction of robbery. Of course, if the jury had accepted the defendant's version of the circumstances, rather than that invited by the evidence for the prosecution, a conviction of robbery would not have been justified. Not the least material circumstance bearing upon defendant's intent when he took the pistol was the fact that he immediately left Hale county carrying the weapon with him; and, according to his testimony, lost the pistol near Cincinnati, Ohio. Notwithstanding the entertainment by the accused of a larcenous intent after the taking, that otherwise constituted robbery, does not suffice to afford the concurring larcenous intent requisite to constitute robbery, the fact that accused carried the property away, retained its possession on his flight, was a circumstance, inconclusive, of course, that the jury was entitled to consider in ascertaining whether the taking was defensive, protective, as defendant asserted, or that it was in consequence of a larcenous intent.

[5] There was no prejudicial error in re-

fusing defendant's requests for instruction. The law of the case was adequately given in the oral charge and in special charges. The motion for new trial was not erroneously overruled. The only grounds of the motion were that the verdict was contrary to the law or the evidence. The evidence was sufficient to justify the jury in finding the verdict rendered.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.