25 So.2d 180

**ROOT et al. v. STATE.**

**4 Div. 923.**

Court of Appeals of Alabama.

Dec. 18, 1945.

Rehearing Denied Jan. 15, 1946.

J. N. Mullins, of Dothan, for appellants.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

Early on the morning of January 21, 1945 two peace officers were interrogating the defendants, Root and Gibson, on the roadside near Beulah Church in Houston County. One of the officers was in the act of searching one of the defendants when the other pulled a pistol and made the officers raise their hands. The defendants got into the officers' car but were unable to get it started. At about this time Homer Lewis drove up in his 1944 Model Dodge automobile and was flagged down. When Lewis got out of his automobile he likewise was brought under gun range. Almost immediately the two defendants entered Lewis' car and then at pistol point forced him to re-enter and take his place under the steering wheel. They then told Lewis to "get going," and according to Lewis he "got going" driving off toward Dothan. The officers quickly followed in their car and a wild winding chase ensued, part of the route being through the City of Dothan. Lewis testified that at times one of the defendants would place his foot on his and push the accelerator down when dissatisfied with the speed of the car, which at times was 85 miles per hour. Reaching the outskirts of Dothan the pursuing officers came close enough to the fleeing car to begin shooting at it. When the shooting began the defendants "laid down" and Lewis grasping this opportunity switched off the engine, pulled to the side of the road and stopped the car. Forcing Lewis to leave the car first, in order "to keep the law from shooting them" the defendants followed Lewis out of the car and were apprehended by the officers at gun point.

The appellants were jointly indicted and tried for the offense of robbery. Separate findings and adjudications of guilt by the jury and court as to each were properly made in compliance with the rule pertaining to the trial of joint defendants. Each was sentenced to a term of ten years in the penitentiary.

Several objections were interposed by the appellants to rulings by the trial judge. In our opinion the court's rulings in all instances were so plainly correct that no discussion of them is indicated. In fact the sole point in this case argued by counsel for appellants, and we think properly so, was whether under above facts the appellants were guilty of the crime of robbery. This question was reserved for consideration by an appellate court by five refused written charges requested by the appellants in the trial below, and by the appellants' motion for a new trial, denied by the trial court with separate exceptions to such ruling reserved by the appellants.

Other than train robbery, which is defined by Section 416, Title 14, Code of Alabama, 1940, the offense of robbery is not covered by our Statutes. Section 415, Title 14, Code of Alabama, 1940, merely fixes the punishment for conviction of this offense.

Under such conditions we must look to the common law offense of robbery as reflected in the opinions of the appellate courts of this State. Thomas v. State, 91 Ala. 34, 9 So. 81, 82, contains an excellent discussion by Justice McClellan of the offense of robbery. Therein he defines robbery to be "a felonious taking of goods from the person of another, or in his presence, against his will, by violence, or putting him in fear. And this violence must precede or accompany the stealing." In Hardis v. State, 28 Ala.App. 524, 189 So. 216, 217, in discussing the offense of robbery Judge Samford wrote: "As defined by our decisions, robbery is an offense against both person and property, and is briefly defined as the felonious taking of money or goods of value from the person of another, or in his presence, by violence or by putting him in fear. Parks v. State, 21 Ala.App. 177, 106 So. 218. This would include the taking of an automobile, or truck, from the possession of the owner under such circumstances as would constitute a felonious taking by violence or by putting him in fear."

Counsel for appellants argues strongly, and not without ingenuity, that the crime of robbery is incompletely established under the facts of this case in that the owner of the automobile, Homer Lewis, was with the vehicle, in fact driving it, the entire time the appellants were in it, and therefore the requisite manucapture of another's proper-

ty by the defendants, essential to make out the crime of robbery, was lacking. The answer depends on whether the appellants were in possession of Lewis' car.

In his book, The Common Law, Mr. Justice Holmes writes "to gain possession, then, a man must stand in a certain physical relation to the object and to the rest of the world, and must have a certain intent." This physical relation involves some degree of power over the object, and as a concomitant carries with it the power to exclude others from its use. See Holmes, supra, p. 220. Bare possession without control amounts to a mere custody. We need not concern ourselves with the element of intent, as this subjective element was included in the question of felonious intent found to be present by the jury.

It is our opinion that the possessive or manucaptive element essential in robbery was present in this case. From the moment that these defendants and Lewis entered his automobile these appellants only were in full control and possession thereof. True, Lewis was present at all times. However, his status was that of a robot. His dominion over the automobile was completely negatived by the will and pistols of the appellants. It is our opinion that the facts of this case spell out that on the part of the appellants there was a felonious taking of property from the person of another, or in his presence, against his will, by violence or putting in fear. The fact that the owner was carried along against his will when the property was taken is incidental and should not affect the decision. The case is therefore affirmed.

Affirmed.