114 So.2d 325

Christine **WHITE**

v.

**STATE.**

1 Div. 789.

Court of Appeals of Alabama.

Aug. 18, 1959.

Wm. Grayson, Mobile, for appellant.

John Patterson, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

By affidavit this appellant was charged with unlawful possession of a barbiturate, i. e. nembutal, in violation of Section 258(3) of Title 22, Code of Alabama 1940 (1955 Cumulative Pocket Part).

Appellant was tried in the Recorder's Court of the City of Mobile, the Recorder apparently functioning as an ex officio justice of the peace, since the offense was charged as against the peace and dignity of the State of Alabama. A city recorder occupies such status. See Section 585, Title 37, Code of Alabama 1940. Appellant's trial in the Recorder's Court resulted in a judgment of guilty, from which judgment the appellant perfected her appeal to the Circuit Court, where her jury trial resulted in a verdict and judgment of guilty. Appellant then perfected her appeal to this court.

The evidence presented by the prosecution tended to show that on the night of 2 December 1957, Joe Johnson, Ralph Jordan, and Tom Nelson, detectives of the Mobile police department, went to the separate apartments of this appellant, and of Betty Pinckard and Rebecca Costello. These apartments are adjacent. In the Pinckard-Costello apartments the officers found two capsules behind a couch. In the appellant's apartment one capsule, identical with the other two found in the Pinckard-Costello apartment, was found behind the leg of a chifforobe in the bedroom.

When the officers entered the appellant's apartment they found her in bed, and according to Officer Johnson she appeared to be under the influence of dope. She did not give sensible answers to questions, and had to be dressed in order to take her to police headquarters.

Appellant's maid who was present told the officers that appellant was sick.

The appellant did not have a cast on her leg at this time and walked to the patrol car "under her own steam."

Betty Pinckard testified that for several months prior to 2 December 1957 she had occupied an apartment with Rebecca Costello. They frequently visited the appellant in her apartment. On these visits she observed capsules in appellant's apartment identical with the capsules seized, and "when they were being taken in the apartment" they were termed vitamin pills.

On the night in question Miss Pinckard testified that she had twice gone to appellant's apartment to try and get Miss Costello to return to their apartment, but Miss Costello wouldn't leave.

On cross-examination Miss Pinckard testified that Miss Costello told her that she had brought the two capsules found in the Pinckard-Costello apartment from appellant's apartment when she did return.

The two capsules found in the Pinckard-Costello apartment, and the one found in appellant's apartment were placed in a small bottle by Detective Nelson and turned over to Mr. Nelson Grubbs, a State Toxicologist.

Mr. Grubbs testified that after receiving the capsules from Detective Nelson he chemically analyzed a portion of the contents of each of the capsules, and such analysis showed each capsule to be a derivative of barbituric acid, known as phenobarbital, the trade name being nembutal.

Mr. Grubbs further testified that nembutal capsules are referred to by enforcement officers and addicts as yellow jackets.

Over appellant's objection the capsules were received in evidence.

In her own behalf the appellant testified as a witness. Her testimony in general was a complete denial of the evidence introduced by the prosecution. She testified that three months previously she had broken her leg. Her doctor had prescribed numerous pills, but none that resembled the capsule allegedly found in her apartment. She strenuously contended that the capsule had never been in her apartment prior to the officers' visit.

Counsel representing this appellant on appeal did not represent the appellant in the trial below. He has, however, sought to present appellant's cause with utmost vigor, both by brief and oral argument.

■ Counsel first argues that the evidence presented is insufficient to support the verdict and judgment. Pretermitting a discussion of the sufficiency of the prosecution's evidence in this regard, this matter is not before us for review in that there was no motion to exclude the evidence, no request by appellant for the affirmative charge, and no motion for a new trial. Parker v. State, 37 Ala.App. 169, 65 So.2d 215; Sullivan v. State, 38 Ala.App. 340, 83 So.2d 259.

■ Counsel for appellant has also referred to quite a number of instances which he argues constituted reversible error in the admission of evidence.

Admittedly irrelevant, immaterial and improper evidence was injected into the trial by the solicitor.

However we have carefully examined the record in all such instances and find that in all but two either no objection was interposed to such evidence, or if objection were interposed the court sustained same, or the objection was interposed after the question was answered. Either of these situations would of course prevent our casting error on the lower court, and we refrain from an individual discussion of these instances since no useful purpose could be served thereby.

■ The record shows that during the direct examination of the prosecution's witness Betty Pinckard she was permitted to testify, over appellant's objection, that Becky Costello had told her, after the two capsules had been found in their apartment, that they were "yellow jackets." The appellant was not present at the time.

In view of the toxicologist's testimony that the yellow capsules contained a barbiturate, known as nembutal, and could be

obtained only by prescription, we cannot see that this appellant could probably have been injured in any substantial right by this evidence, even though hearsay, that Becky Costello had told Miss Pinckard that the capsules were yellow jackets—nothing more than an inoffensive nickname by which the capsules were designated. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

■ The second instance in which the record is protected sufficiently to permit our review pertains to the action of the court in permitting Detective Johnson to testify, over appellant's objection, that the appellant appeared to be under the influence of dope at the time of her arrest.

Prior to the admission of this evidence Detective Johnson testified he had been a member of the Mobile Police Department for some seven years; that during this time he had on numerous occasions come in contact with persons who were under the influence of dope, and had observed their symptoms and actions.

As stated in Kozlowski v. State, 248 Ala. 304, 27 So.2d 818, 821:

"'Whether or not the qualification of a witness to state his opinion is sufficiently established is a matter resting largely in the discretion of the trial court, and its ruling thereon, * * * ordinarily will not be disturbed on appeal unless there is a clear showing of abuse. If the witness has some qualifications, he should be permitted to testify.' Dersis v. Dersis, 210 Ala. 308(6), 98 So. 27; Brown v. Mobile Electric Co., 207 Ala. 61(4), 91 So. 802; Alabama City, G. & A. R. Co. v. Bessiere, 197 Ala. 5, 72 So. 325; Burnwell Coal Co. v. Setzer, 191 Ala. 398, 67 So. 604.

"The modern tendency is to regard it as more important to get the truth of the matter than to quibble over distinctions. 32 C.J.S. Evidence § 459, p. 101."

Clearly under the above doctrine the court properly permitted Detective Johnson to express his opinion as to whether appellant was under the influence of dope at the time of her arrest.

■ During the argument of the solicitor the record shows the following:

"*By Mr. Sullivan:* We object to that argument, put one of these tablets in a beer, there is no evidence whatsoever as to what it will do.

"*By the Court:* I guess that is a matter of history as to what those things do. I am not acquainted with them.

"*By Mr. Sullivan:* I am not either, your Honor. I am just putting in an objection. (No ruling by the Court). Defendant excepts."

No error can be posited upon the above instance. In the first place the phrase "put one of these tablets in a beer" is not of sufficient scope, standing by itself, to permit an intelligent conclusion as to its meaning. In the second place the record shows specifically that no ruling was made by the court to the objection.

The general rule is that improper argument of counsel is not subject to review unless there is a due objection or a motion to exclude, and a ruling thereon by the court, or a refusal of the court to make a ruling. Nichols v. State, 267 Ala. 217, 100 So.2d 750, and cases cited therein.

In this case there was no ruling on the objection by the court, nor any real effort to obtain a ruling after the court's hesitancy in the matter.

Affirmed.