266 So.2d 812

Jimmy LAMBERT, alias

v.

STATE.

5 Div. 63.

Court of Criminal Appeals of Alabama.

Sept. 12, 1972.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted of robbery by a jury in the Circuit Court of Tallapoosa County and his punishment fixed at ten years in the penitentiary. He is in this Court with a free transcript and a court-appointed lawyer, who represented him before the jury. We are pressed for a reversal because of improper venue and because the trial court failed to execute an inquisition as to the mental status of the defendant under the provisions of Title 15, Section 426, Code of Alabama 1940.

Act No. 337, Local Acts of Alabama 1923, enlarged and extended the jurisdiction of the Circuit Court of Tallapoosa County at Alexander City in said county and specifically provided that the Alex-

H. Gerald Reynolds, Birmingham, for appellant.

ander City Division of the Circuit Court of that county was limited to the territory lying west of the Tallapoosa River. By this act, jurisdiction in criminal cases was limited to offenses arising on the west side of the Tallapoosa River in said county.

The victim of this robbery was Ruben Y. Scott, a seventy-nine (79) year-old man residing with his daughter on Scott Road in Alexander City, Alabama, which is a part of the territory lying west of the Tallapoosa River. He testified that on June 3, 1970, he saw appellant on the east-side of his back porch and appellant pointed a gun (pistol) at him and felt his pockets for weapons. He forced Mr. Scott into the kitchen and demanded the keys to his car. He asked for a cigarette and coffee. Mr. Scott did not have cigarettes, but he gave appellant a cup of coffee. Appellant kept the pistol pointed on Mr. Scott at all times. He forced Mr. Scott to accompany him as he went through the house looking into the rooms. When they were back in the kitchen, appellant pulled out a roll of bills and told Mr. Scott he had some $500.00 and wanted to hire him to take him about two miles out of town. Mr. Scott told him he couldn't do it as his car was in poor shape and had been in the garage the day before. Mr. Scott grabbed the gun with both hands but was not able to get the gun from appellant. Appellant then threw the gun back on Mr. Scott and said, "I ought to blow your head off, tie a rock to you and carry you and throw you in the river. If you move again on me like that you'll get shot. Let's get going." They walked out the kitchen door and back porch to the car. When they got to the car, appellant ordered Mr. Scott to get in the car. Mr. Scott told him he couldn't get in and asked for the keys to unlock the car door. Appellant said, "No, I'm driving this car, I'll unlock it." After the car was unlocked, Mr. Scott got in on the right side and appellant went around to the driver's side and got in the car, backed out and drove down Scott Road. After driving about a half mile, appellant looked at Mr. Scott and said, "Are you nervous?" Mr.

Scott said naturally he was a little nervous and appellant said, "Well, I sure would be if someone had a gun and 26 cartridges pointed at me." Appellant drove the automobile across several intersecting highways into the territory embraced in the Dadeville Division of the Circuit Court of Tallapoosa County on the east side of the river where he forced Mr. Scott to surrender his pocketbook from which he removed $25.00 and physically took Mr. Scott's wristwatch off his hand and told him to get out of the car and start walking, saying, "I am taking the car with me." According to Mr. Scott's testimony, appellant drove the automobile with his right hand and held the pistol in his left hand pointed at him during the entire trip. At appellant's command, Mr. Scott got out of the automobile and appellant drove away. Later Mr. Scott was picked up by a motorist and carried to a store where he called the officers and reported the robbery. The evidence clearly shows that Mr. Scott was a captive prisoner from the time appellant first pointed the pistol at him on the porch of his home until he was left on the side of the road after his money and wristwatch were taken from him. The crime of robbery was committed when appellant at gun point took the car keys and the car at the home of Mr. Scott in Alexander City on the west side of the Tallapoosa River and Mr. Scott was a kidnapped and helpless victim during the car ride on the east side of the river.

Robbery is the felonious and forcible taking of the property of another from his person, or in his presence, against his will, by violence or by putting him in fear.

The case of Root et al. v. State, 32 Ala. App. 253, 25 So.2d 180 is similar in some respects to the instant case, and Judge Harwood (now Justice Harwood) wrote for the Court:

"It is our opinion that the possessive or manucaptive element essential in robbery was present in this case. From the moment that these defendants and

Lewis entered his automobile these appellants only were in full control and possession thereof. True, Lewis was present at all times. However, his status was that of a robot. His dominion over the automobile was completely negatived by the will and pistols of the appellants. It is our opinion that the facts of this case spell out that on the part of the appellants there was a felonious taking of property from the person of another, or in his presence, against his will, by violence or putting in fear. The fact that the owner was carried along against his will when the property was taken is incidental and should not affect the decision. The case is therefore affirmed."

■ It is, of course, essential to a conviction of robbery "that the taking (here the keys and automobile) should, at the time of manucaption, have been with a larcenous intent." Kennedy v. State, 208 Ala. 66, 93 So. 822. The question of intent was for the jury and the verdict of the jury resolved this issue against appellant. Root v. State, 247 Ala. 514, 25 So.2d 182.

In Parsons v. State, 251 Ala. 467, 38 So. 2d 209, the defendant was convicted of robbery involving an automobile and a set of keys, and the Court said:

"Defendant was indicted for robbery from the person of Louis W. Perry, an automobile and a set of keys. The evidence tended to show that this occurred at the home of Perry. The automobile and keys were used to aid in effecting a burglary and larceny from the store of Perry of valuable jewelry. Since the indictment charged the robbery of Perry of the keys and automobile, it is claimed that evidence of the burglary and larceny from the store is of another crime and not permitted by law.

"But the rule is that if several crimes in fact constitute one criminal transaction, evidence of all such crimes may be given as part of the res gestae of the offense with which defendant is charged.—Allison v. State, 1 Ala.App.

206, 55 So. 453; Askew v. State, 6 Ala. App. 41, 60 So. 455; Ingram v. State, 39 Ala. 247, 84 Am.Dec. 782."

■■ The evidence clearly shows that the crime of robbery was committed when appellant, at gun point, forced Mr. Scott to surrender his car keys with which he took possession of the automobile. This occurred within the limits of Alexander City on the west side of the Tallapoosa River in the Alexander City Division of the Circuit Court of Tallapoosa County. Appellant again committed the offense of robbery when he forced Mr. Scott to surrender his pocketbook from which he took twenty-five dollars and generously left one dollar for Mr. Scott; and, also, when he snatched Mr. Scott's wristwatch from his arm. These occurrences took place on the east side of the Tallapoosa River in the Dadeville Division of the Circuit Court of said county. This was one continuous transaction or one continuous occurrence and everything that was done was admissible as of the res gestae. As said by the Supreme Court in Jackson v. State, 229 Ala. 48, 155 So. 581:

"But this case is governed by another and different principle. Everything constituting the one continuous transaction is admissible as of the res gestae. No matter how many distinct crimes may be involved, all the details of the one continuous criminal occurrence or adventure may be considered by the jury in passing upon the culpability, the wickedness, and depravity of the crime for which the party is being tried. In cases of robbery the jury is given a wide range of discretion in fixing the punishment. They may look to all the circumstances constituting part of the res gestae in meting out punishment within the limits prescribed by law. It follows all these circumstances are the subject of legitimate argument on the part of the solicitor. Ingram v. State, supra; Kennedy v. State, 182 Ala. 10, 62 So. 49; Smith v. State, 88 Ala. 73, 7 So. 52; 16 C.J. § 1115."

■ Evidence of other distinct criminal acts is admissible when relevant to the crime charged, as bearing on scienter, intent, motive, res gestae, identity of the accused and as bearing on the issue of insanity when that defense is asserted. See "The Law of Evidence in Alabama" by Judge J. Russell McElroy, Vol. 1, 2nd Ed. pp. 166–169. 6 Ala.Dig. Crim.Law ☜365.

At the conclusion of the State's case, appellant made a motion to exclude the evidence adduced by the State, primarily because of the failure of the State to prove venue. The motion, in part, is as follows:

"MR. REYNOLDS: * * * Now, in view of the fact that the river separates Tallapoosa County into two separate circuits, it's the same as two counties, and the State has not proven that this crime took place on the west side of the Tallapoosa River, which is certainly an essential element of this crime as prescribed by the Code of Alabama, and more particularly by the Bill of Rights and the Alabama Constitution. Therefore, we move that the State's evidence be excluded, that the charges in this case be dropped against him.

"THE COURT: What says the State?

"MR. AARON: Your Honor, it's our contention that the State has made out its case, insofar as the evidence clearly shows that this defendant feloniously took the keys from Mr. Scott on this side of the river, feloniously took possession of the car in his own backyard on this side of the river, and that these other acts were a series of continuous acts which clearly makes out a case for the State, and that even though some criminal offenses were committed maybe on the other side of the river, that they were a part of the series of offenses that began on this side of the river when he feloniously took possession of the car."

The court overruled the motion and appellant reserved an exception.

We have a statute governing venue when a criminal offense is committed part-ly in one county and partly in another. Title 15, Section 94, Code of Alabama 1940, provides:

"When an offense is committed partly in one county and partly in another, or the acts, or effects thereof, constituting, or requisite to the consummation of the offense occur in two or more counties, the jurisdiction is in either county."

The above section was dealt with by the court in its oral charge to the jury, viz:

"Now, there has been some tendency of the evidence here that has raised the issue of venue in the matter. Our law provides that when an offense is committed partly in one county and partly in another, or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two or more counties, the jurisdiction is in either county. Now, of course, we've only got one county, Tallapoosa County, but we've got two jurisdictions here, what we call the East Side of the River, that functions at Dadeville, and the West Side that functions at Alexander City, so that law would be applicable here, that if the offense was committed partly in one county and partly in another, why the acts or the effects thereof constituting or requisite to the consummation of the offense occur in two or more counties, then the jurisdiction is in either of them. So there is the matter of any question of venue in the matter."

Appellant reserved an exception to the above quoted part of the oral charge, saying:

"MR. REYNOLDS: Wait just a second. We take exception to one part of the Court's charge, regarding venue. The defendant objects to the part in which the Court stated, made reference to the statute providing that part of the crime could take place in one county and part of it in another. For the record, we except to that part."

In Shell v. State, 2 Ala.App. 207, 56 So. 39, the Court had under consideration an Act approved February 23, 1907, entitled "An Act to provide for holding the circuit court in St. Clair county, Alabama, to divide said county into two judicial divisions, to regulate the said court and the jurisdiction of and the proceedings in and relating to the same." (Local Laws 1907, p. 61). Under this Act, two judicial divisions of the circuit court of St. Clair County were established, one at Ashville and the other at Pell City. There the Court said:

"It is evident that in adopting the above act, the Legislature intended that the circuit court, when held at Pell City—a place where it could not be held, unless expressly so provided by law—should be as distinct· from the same court when held at the county seat as if the Southern division of the county was, in fact, a separate county. When the circuit court sits in the Northern division of the county, it has no jurisdiction over causes of action triable in the Southern division, and vice versa; and for all practical purposes the two courts are as distinct as if they existed under two independent legislative acts. In legal contemplation, both courts are but the circuit court of the county; but for all the practical purposes of administering justice they are as distinct from each other as are the circuit courts of two different counties. * * *"

Act No. 337, Local Acts 1923, conferring criminal jurisdiction on the division of the Circuit Court of Tallapoosa County limited to offenses arising on the west side of the Tallapoosa River is similar to the Act establishing the two judicial divisions of St. Clair County and what the court said in *Shell,* supra, and quoted above, is applicable to this case. The trial judge was preemptively correct in charging the jury on the law relating to venue in criminal prosecutions. The venue of the crime was properly laid in the Alexander City Division of the Circuit Court of Tallapoosa

County and appellant's motion to exclude the State's evidence was properly overruled.

The constitutionality of such Acts has been upheld by the Supreme Court. See Lowery v. State, 103 Ala. 50, 15 So. 641.

The record reflects that appellant filed a motion for a psychiatric examination on August 4, 1970, but it does not appear that this motion was ever called to the attention of the court and a ruling invoked thereon. In the absence of a ruling in the court below, nothing is presented for review in this court. 7 Ala.Dig. Criminal Law ⟨⟨⟩⟩1028.

This case is due to be affirmed and it is so ordered.

Affirmed.

CATES, P. J., and ALMON, TYSON and DeCARLO, JJ., concur.