280 So.2d 177

**Herbert Louis BROWN and Arthur Lee Gipson, alias**

**v.**

**STATE.**

**1 Div. 261, 1 Div. 262.**

Court of Criminal Appeals of Alabama.

April 17, 1973.

Rehearing Denied May 29, 1973.

David L. Barnett and Harry Seale, Mobile, for appellants.

William J. Baxley, Atty. Gen., and Samuel L. Adams, Asst. Atty. Gen., for the State.

DeCARLO, Judge.

Appellants were indicted in Mobile County for rape, and after agreement, were jointly tried and convicted. The trial court sentenced Herbert Louis Brown to twenty-five years in the penitentiary, and Arthur Lee Gipson, alias Arthur Lee Gibson, to ten years. Both judgments are before this court on appeal.

Prosecutrix testified that on the night of February 14, 1968, at approximately 10:00 P.M., she was walking home from a sandwich shop, accompanied by two of her brothers and one of their friends. Appellant Brown, an auxiliary policeman for the Prichard Police Department, and his friend, Gipson, passed them in an automobile, turned around, and came back. They stopped the group and asked what they were doing out at that time of night. Appellant Brown, who was dressed in his policeman's uniform, asked their ages, and upon prosecutrix answering "eighteen," he called her a liar. He told them to get in the car, and he would carry them home. They got into the back seat, but before reaching their home, appellant Brown stopped the car and told the three boys to get home and tell their Mama he was taking prosecutrix to jail. He then handcuffed her left wrist, and she told the boys to have Mama get her out of jail.

When appellant Brown reached a dead-end street, he got into the back seat with her and asked if she was going to give him a break. When she refused, Gipson, under Brown's direction, drove into the woods to a place called the Boondocks. Appellant Brown slapped prosecutrix, and again asked if she was going to give him a break. Again she refused, and he then pulled a pistol from his holster and threatened to kill her unless she did. As she tried to stop him, he placed the gun to her head.

He proceeded to have intercourse with her, and afterwards, the appellant Gipson, who was standing outside the car at this time, came back to the car and had intercourse with her. Prosecutrix was then driven part of the way home and let out under a street light. They told her to get home, and if she told anyone they would kill her. Subsequently, the police were notified, and she was taken to the Mobile General Hospital.

Appellant Brown's statement of the facts conflicted markedly with the testimony of prosecutrix. He stated that while everyone was still in the car, prosecutrix whispered to him and suggested they have sexual relations. During his testimony, he made reference to having had intercourse with her on at least four prior occasions at the same location. He denied slapping her or having a gun or handcuffs in his pos-

session. It was his contention that she voluntarily participated in the act with both appellants. He further testified that on the way home, she asked them for a loan of ten dollars, and when they refused, she began to cry.

## I

The appellants first complain that the lower court erred when it allowed evidence of the prosecutrix's general character and reputation when not put in issue by the appellant.

In the factual situation before us, the State sought to prove by three witnesses the general reputation of the victim in the community where she lived, and this evidence was allowed over the appellants' objections.

■ Where the defense is based entirely upon the fact of consent, as it is here, evidence of the general reputation of the prosecutrix for chastity is competent evidence bearing on the probability of her consent. Nickels v. State, 90 Fla. 659, 106 So. 479.

Justice Somerville stated in McQuirk v. State, 84 Ala. 435, 4 So. 775:

"That the prosecutrix was a woman of chaste or unchaste character was perfectly competent evidence, under all authorities, as bearing on the probability or improbability of her consent to the alleged act of intercourse with the defendant."

This rule is based on the theory that a person of bad moral character is less likely to speak the truth as a witness than one of good moral character, and that a woman who is chaste will be less likely to consent to an illicit connection, than one who is unchaste.

In the present case, appellant Brown stated that he had been sexually intimate with the prosecutrix on four occasions prior to this charge, and that on the occasion in question, the prosecutrix not only consented, but actually suggested the intercourse. It is only when consent is not claimed as a defense, as in the case where there is a denial of intercourse, that the general reputation of the prosecutrix is not material.

In the case at bar, the appellants' whole defense was based upon the consent of prosecutrix, therefore, testimony regarding her chastity was admissible.

## II

■ The appellants next contend it was error to allow the Assistant District Attorney to comment on their failure to call a witness who was equally accessible to both parties.

The comment in question was made by the District Attorney during argument, and it appears as follows in the record:

"MR. CAMPBELL (Assistant District Attorney): . . . He just happened to be picking up his sister. Is that an excuse for not reporting for duty? 'I have to drive my sister home.' Would a sergeant at a police desk accept that excuse? Where is the sergeant? Where is this file?

"MR. SEALE (Defense Attorney): Now, we object to his asking where is this sergeant or police official, because it's just as available to him as it is to us.

"MR. CAMPBELL: He is . . .

"MR. SEALE: Just a moment, please. And he could have summoned if he thought it was necessary—just as available to him and he cannot comment on our not summoning him.

"Mr. CAMPBELL: Judge, now if I may be permitted—this is closing argument. Shall I go one step further? I don't have to summon anyone, and when the Defendant takes the stand and comes out with an alibi or excuse to this effect, as to what was done,

where was this, I could comment on everything he testified to. I don't have to subpoena anyone at the last second.

"THE COURT: I'll rule it is closing argument. I overrule the objection.

"MR. SEALE: We except."

It is settled law in this state that no unfavorable inference can be drawn, and no unfavorable argument to a jury made by counsel against a party to a cause because of the failure to call a witness to testify when that witness is accessible to both parties. Waller v. State, 242 Ala. 1, 4 So.2d 911; Kissic v. State, 266 Ala. 71, 94 So.2d 202; Orr v. State, 40 Ala.App. 45, 111 So.2d 627; Slater v. State, 43 Ala.App. 513, 194 So.2d 93.

Although the foregoing principle of law is applicable in this case, it has not been established without reservation and the exception is:

"Counsel for a party to whom a particular person is not available as a witness may comment on the failure of the other party to whom that person is available to call him as a witness." Jarrell v. State, 251 Ala. 50, 36 So.2d 336.

■ Available and accessible are used interchangeably, however, the term available as used in the foregoing rule does not mean merely available or accessible for service of subpoena. A witness may be hailed into court by compulsory process at the instance of either party, but this does not make the witness equally accessible or available to each.

■ Availability of a witness to one or the other of the parties is determined first, by the party's superior means of knowing of the existence and identity of the witness; second, by the relationship of the witness to the party that would reasonably be expected to affect the witness's personal interest in the outcome of the litigation, thus making it natural to expect or assume he would testify in favor of one party and

against the other. Huskey v. Metropolitan Life Insurance Company, (Mo.App.) 94 S. W.2d 1075; Brown v. State, 200 Miss. 881, 27 So.2d 838; Orr v. State, supra; Slater v. State, supra.

Now in the case at bar, the appellant Brown, definitely would have a knowledge of the existence and identity of the witness superior to that of the prosecutor. It should be noted that this offense had occurred some three years prior to the trial, and the following testimony of appellant Brown on cross-examination clearly reveals that his own knowledge of this witness was questionable:

"Q. Oh. Uh—you said that you were supposed to be on duty that night but you didn't go on duty because you were driving your sisters home from Mobile State, is that right?

"A. The reason I didn't go on duty is because—the time element that was involved as far as taking my sister and her friends home—it was too late. I was supposed to have been there at six o'clock. Then the girl—I called in— which they have it on file there. I called and I told them—I explained to the Sergeant at the Prichard Police Department what had happened—that I was unable to report to work, but I would report to work some other time when they would need me.

"Q. Do you know the name of this Sergeant you called?

"A. No, I don't know exactly—no, I don't.

"Q. You said they had it on file there,

"A. I'm sure they have it on file.

"Q. Do you have a copy of this file?

"A. I beg your pardon?

"Q. Do you have a copy of this file?

"A. I don't know what they have on file. I called. This is what I can verify."

■ Based on this testimony, the State would have been unable to ascertain the identity of the witness or where he could be located. There was nothing in the record to suggest that the file or the sergeant could have been subpoenaed or was present during the trial. The uncalled witness was not equally available as argued by the appellants, but was available, if at all, only to the defense.

## III

Appellants also contend it was reversible error for the District Attorney to argue to the jury that a detective had examined the pistol allegedly used in the rape and found that it was recently fired, when there was no such evidence adduced during the trial.

The following is that portion of the State's argument referred to as objectionable:

"MR. CAMPBELL: I submit that Detective Travis examined his pistol and said four cartridges were in it and the pistol was recently fired.

"MR. SEALE: Now we're going to object to his arguing to the Jury that Detective Travis has said the pistol was recently fired.

"MR. CAMPBELL: He certainly did, Your Honor. We can check the record.

"THE COURT: Do you contend that . . .

"MR. SEALE: I contend that he didn't say that.

"THE COURT: I don't—would you want to tell us what you said, Mr. . . .

"MR. CAMPBELL: I'm not going to interrupt my closing argument by checking that, but I say it was said and we can check the record any time.

"THE COURT: All right; let's go ahead."

■ It is generally held that improper argument of counsel is not subject to review unless there is due objection or a motion to exclude, and a ruling thereon by the court, or a refusal of the court to make a ruling. Nichols v. State, 267 Ala. 217, 100 So.2d 750; White v. State, 40 Ala.App. 378, 114 So.2d 325. An exception to this rule exists in the case of ineradicable harm, and if this occurs, it should be brought to the trial court's attention by a motion for a new trial. Alday v. State, 42 Ala.App. 21, 151 So.2d 220.

The appellant made an objection, but failed to pursue a ruling, and in the absence of the court's refusal to act or a ruling being invoked, this court has nothing to consider.

## IV

■ Finally, it is insisted the Court erred in refusing appellants' request for the following charge:

"(7.) The Court charges the jury that the legal presumption of innocence is to be regarded by the jury in every case as a matter of evidence, to the benefit of which the accused is entitled; and, as a matter of evidence, it attends the accused until his guilt is, by the evidence, placed beyond a reasonable doubt."

This refusal by the lower court is not subject to the criticism directed against it in view of the following portion of the Judge's oral charge:

"In every criminal case that you try in the State of Alabama, there is one salient principle that you must abide by throughout the entire trial and that is that Defendant is presumed, in this case, the Defendants, are presumed to be innocent until the State, by the evidence, by legal evidence, provides beyond a reasonable doubt and to a moral certainty the guilt of these Defendants, each of them,

as to their guilt of the offense charged in the indictment, the charge of rape. . . . . . ."

■ It is not reversible error for the trial court to refuse a requested charge by the appellant when the same principle of law is substantially and fairly given in the court's oral charge. Gordon v. State, 268 Ala. 517, 110 So.2d 334, Earnest v. State, 40 Ala.App. 344, 113 So.2d 517.

We are of the opinion that the lower court's actions were proper.

The entire record has been examined, and we consider the judgment of conviction as to each appellant is to be affirmed.

Affirmed.

CATES, P. J., and TYSON and HARRIS, JJ., concur.

ALMON, J., concurs in result.