322 So.2d 748

**Algie McCALL**

v.

**STATE.**

**3 Div. 396.**

Court of Criminal Appeals of Alabama.

Nov. 18, 1975.

Charles Tom Payne, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and J. Brent Thornley, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted of robbery and, in accordance with the verdict of the jury, sentenced to fifteen years in the penitentiary. At arraignment, in the presence of his court-appointed attorney, he pleaded not guilty. He was furnished a free transcript and new counsel was appointed to represent him on this appeal.

Omitting the formal parts the indictment reads as follows:

"The Grand Jury of said County charge that, before the finding of this indictment. ALGIE McCALL, alias ALGIE LEE McCALL, whose name is to the Grand Jury otherwise unknown, feloniously took one 1969 Chevrolet automobile, VIN 164479DO36202, a better description of which is unknown to the Grand Jury, of the value of $800.00, the property of Burt Rudolph, from his person, and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same, against the peace and dignity of the State of Alabama."

The facts are undisputed. Appellant did not testify nor did he offer any testimony in his behalf.

The victim, Bert Rudolph, testified that he got off work at noon on April 27, 1974, and went to one Robert Gilmore's house that afternoon where he met appellant for the first time. Gilmore's wife asked Rudolph to take McCall home. He took him to Jeff Davis Street so appellant could "get some money and pay you." Appellant went to the front porch of someone else's house but couldn't get in. He then went to the back of the house. When appellant came back around the corner of the house, Rudolph saw a sawed-off shotgun behind his back. The gun had a wood stock with a broken piece on the left-hand side. When appellant got to the car, he stuck the gun in the window. Rudolph grabbed the gun and they tussled. He took the gun from appellant and removed a shell from it. He put the shell in his pocket and threw the gun on the bank. Rudolph got back in his car but appellant stuck the gun back in the window of the car and told him to get out. Rudolph got out and ran. Appellant got in the car and drove up and down the street with the gun out the window. Rudolph's car was a 1969 Chevrolet, maroon over white. He had a Montgomery County license tag on his car. The number was 3-45499. Rudolph stated he threw the gun down because he was scared.

Detective T. J. McLain of the Montgomery Police Department testified that he received a robbery report from Bert Rudolph on April 27, 1974. He put out a radio broadcast giving a description of the stolen automobile. Later that evening he received a call from the Prattville Police Department advising they had the suspect and the automobile. He picked up Rudolph and carried him to Prattville. He stated he did not detect any sign of alcohol on the person of Rudolph.

Mr. J. R. McGowin testified that he was employed by the Prattville Police Depart-

ment and he picked up the radio broadcast concerning the stolen automobile. While answering a call about a disturbance at a local house, he found appellant in Rudolph's car. He saw a sawed-off shotgun lying on the front seat in plain view. He placed appellant under arrest and stated he was highly intoxicated at that time.

Detective K. A. Hitson of the Montgomery Police Department testified that he saw Rudolph after appellant's arrest and he did not appear to have been drinking. This was around 10:30 that night. To the same effect was the testimony of Detective J. D. Foster who saw Rudolph around 10:00 that night.

■ The state rested and appellant made a motion to exclude the state's evidence on the ground that a prima facie case had not been made out. This motion was overruled. There was no error in overruling the motion to exclude. *Young v. State,* 283 Ala. 676, 220 So.2d 843. The evidence was clearly sufficient to submit the question of appellant's guilt to the jury.

■ The three essential elements of the offense of robbery are: (1) felonious intent, (2) force, or putting in fear as a means of effecting the intent, and (3) by that means of taking and carrying away of the property of another from his person or in his presence, all three elements concurring in point of time. *Douglass v. State,* 21 Ala.App. 289, 107 So. 791; *Hardis v. State,* 28 Ala.App. 524, 189 So. 216; *Cobern v. State,* 273 Ala. 547, 142 So.2d 869; *Floyd v. State,* 52 Ala.App. 291, 291 So.2d 382.

■ It is, of course, essential to a conviction of robbery "that the taking (here the automobile) should, at the time of manucaption, have been with a larcenous intent." *Kennedy v. State,* 208 Ala. 66, 93 So. 822. The question of intent was for the jury and the verdict of the jury resolved this issue against appellant. *Root v. State,* 247 Ala. 514, 25 So.2d 182; *Lambert v. State,* 48 Ala.App. 600, 266 So.2d 812.

■ Appellant contends that this case should be reversed due to the following occurrence during the District Attorney's closing argument:

"The Defendant: Are you calling me a thug. I've got two cars. Why would I steal any cars?

"The Court: We won't have any more remarks by the Defendant.

"Mr. Teague: We don't have any evidence about two cars."

It is not clear from the record what the District Attorney said. The record is clear that there was no objection made, nor a ruling of the trial court invoked in the instant case.

In *Brown v. State,* 50 Ala.App. 471, 280 So.2d 177, this court said:

"It is generally held that improper argument of counsel is not subject to review unless there is due objection or a motion to exclude, and a ruling thereon by the court, or a refusal of the court to make a ruling. *Nichols v. State,* 267 Ala. 217, 100 So.2d 750; *White v. State,* 40 Ala. App. 378, 114 So.2d 325. An exception to this rule exists in the case of ineradicable harm, and if this occurs, it should be brought to the trial court's attention by a motion for a new trial. *Alday v. State,* 42 Ala.App. 21, 151 So.2d 220.

The appellant made an objection, but failed to pursue a ruling, and in the absence of the court's refusal to act or a ruling being invoked, this court has nothing to consider."

The only difference in *Brown,* supra, and this case is that an objection was made in *Brown* and no objection was made in the instant case. We note here there was no motion for a new trial.

We have carefully examined the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.

Affirmed.

All the Judges concur.