The Court of Criminal Appeals' opinion concedes that the main issue in this case is whether the "crime made the basis of the prosecution was wholly committed outside of Alabama. . . ." That Court then proceeds to hold that the offense charged, "Robbery or attempts thereof when the victim is intentionally killed . . ." is not consummated until death occurs. Thereafter by a convoluted process it is held that under the facts of this case the asportation of the automobile was a continuing process: "[T]hey never ceased their effort to separate the two, whether Naomi from the automobile or the automobile from Naomi. . . ." That Court added: "Their effort to take permanently and indefinitely away from her the automobile was thwarted only by the automobile's sudden and unexpected immobility." Thus it was established that this robbery became a "continuing" offense because the "process of the robbery" continued from Hudson, North Carolina to Monroe County, Alabama, somehow establishing a "logical connection" between the crime of robbery and the crime of intentional homicide.
Therein lies the difficulty, for I cannot determine whether the court below is interpreting the statute to mean that the legislature established a new and continuing offense under § 13-11-2 (a)(2) or whether it is holding that under these factsthis robbery continued in its commission until the victim was killed. My conclusion is that the latter holding was intended, however each position deserves some comment.
I have already expressed my views on the nature of this crime, the significance of the legislature's use of the common law term "robbery," and the rule of strict construction to be applied in criminal cases. See Evans v. State, Ala.Crim.App.,361 So.2d 666 (1978) (Beatty, J., dissenting). It would appeara fortiori that our earlier decisions on the elements of robbery would control the definition of robbery in this statutory crime, given the fact that "robbery" is not defined in the death penalty statute. That being so, we should take the statute as it stands, and as it stands it does not make robbery a continuing offense to furnish the aggravation necessary under that statute. While the notion that the robbery continues because the owner of the property is forcefully taken along and thus somehow remains in possession of it is an appealing one from the point of view of law enforcement, nevertheless it is not a proposition heretofore accepted in such cases by our law.Lambert v. State, 48 Ala. App. 600, 266 So.2d 812 (1972) andRoot v. State, 32 Ala. App. 253, 25 So.2d 180 (1946) are directly in point and, applying the common law definition of robbery, each held that the offense was complete when the thief took control of the automobile which was the subject of the robbery. The language of Root, 32 Ala. App. 253, 255,25 So.2d 180, 182 is peculiarly apt here:
 It is our opinion that the possessive or manucaptive element essential in robbery was present in this case. From the moment that these defendants and Lewis entered his automobile these appellants only were in full control and possession thereof. True, Lewis was present at all times. However, his status was that of a robot. His dominion over the automobile was completely negatived by the will and *Page 377 
pistols of the appellants. It is our opinion that the facts of this case spell out that on the part of the appellants there was a felonious taking of property from the person of another, or in his presence, against his will, by violence or putting in fear. The fact that the owner was carried along against his will when the property was taken is incidental and should not affect the decision. . . .
And under the facts of this case as described by the Court of Criminal Appeals, the robbery was complete in North Carolina when the defendant "seized the automobile and the keys thereof. . . ." It follows that we have jurisdiction over the murder, Code of Ala. 1975, § 13-1-70 but not the robbery because the robbery was a completed offense in North Carolina and the victim was not killed during the course of that robbery.
Finally, I must confess to having been moved by the heinous nature of the defendant's conduct and a natural sympathy for the helpless victim. Unfortunately, I find that emotion of little help in my attempt to apply the applicable law objectively. Additionally, I appreciate the cited editorial comments of Mr. Bishop. He is also reputed to have written that classical enjoinder, "Hard cases make bad law."